TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,

v.

**Gyles Robert ALFORD, Appellee.**

No. 10–03–00035–CV.

Court of Appeals of Texas, Waco.

Nov. 10, 2004.

Rehearing Overruled Jan. 18, 2005.

Kevin M. Givens, Rene S. Lial, Texas DPS–Appellate Section, Austin, for appellant.

Philip C. Banks, Bryan, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

BILL VANCE, Justice.

Based on the findings and conclusions of an administrative law judge, the Texas Department of Public Safety suspended Gyles Robert Alford's driver's license for two years. The trial court reversed that decision.

The Department asks us to revisit a prior decision concerning the statutory warning to be given to the holder of a commercial driver's license who is suspected of driving a non-commercial vehicle while intoxicated. In *Texas Department of Public Safety v. Thomas,* we held that giving the warnings prescribed in chapter 724 of the Transportation Code was not adequate to warn Thomas, the holder of a commercial license, of the actual, direct, and statutory consequences of his refusal to give a breath specimen. *Texas Dept. of Public Safety v. Thomas,* 985 S.W.2d 567, 570 (Tex.App.-Waco 1998, no pet.). Now, the Department notes, chapter 522 was amended in 2001 to clarify that the warnings required by that chapter apply "only to a person who is stopped or detained while driving a commercial motor vehicle." TEX. TRANSP. CODE ANN. § 522.102(c) (Vernon Supp.2004). We agree and sustain the Department's first issue. We do not reach the second issue, which is conditioned on our finding that the warnings given were inadequate under *Thomas.*

■ The Department's fourth issue says the trial court erred in reversing the administrative decision because it improperly

held that the Department failed to prove the elements requiring a suspension under section 724.042 of the Transportation Code at the hearing before the administrative law judge.

■■■ As we noted in *Thomas*, a county court at law reviews the suspension of a driver's license under the substantial evidence rule. *Texas Dept. of Pub. Safety v. Lavender*, 935 S.W.2d 925, 929 (Tex.App.-Waco 1996, writ denied). When there is substantial evidence that supports the administrative agency's finding, the agency's order must stand. *Texas Dept. of Pub. Safety v. Guajardo*, 970 S.W.2d 602, 604 (Tex.App.-Houston [14th Dist.] 1998, no pet.). The issue on appeal is whether there is a reasonable basis in the record to support the agency's action, not whether the agency reached the correct conclusion. *Id.* at 605. When the question is one of law, however, we exercise *de novo* review. *Thomas*, 985 S.W.2d at 569.

■■■ No findings of fact or conclusions of law were requested or filed. When written findings of fact and conclusions of law are not requested or filed, then the decision being reviewed must be affirmed on any legal theory finding support in the evidence. *Texas Dep't of Pub. Safety v. Wilmoth*, 83 S.W.3d 929, 931 (Tex.App.-Amarillo 2002, no pet.). When a decision or judgment must be upheld on any ground supported by the record, it is the appellant's burden to assign error to each ground or the decision will be affirmed on the ground to which no complaint was made. *See id.*

The Administrative Decision recites as a finding of fact that Alford was given warnings under section "724.000" because he was operating a non-commercial vehicle. No such section exists in the Transportation Code. As a conclusion of law, the decision says "*Based on the foregoing*, the Judge concludes the Department proved the issues set out in Tex. Transp. Code Ann. § 524.035 or 724.042 and that Defendant's license is subject to a suspension for 2 years pursuant to Tex. Transp. Code Ann. § 724.035." (Emphasis added.) Based on the written decision, the trial court could have concluded that on the face of the record no factual basis existed for the conclusion of law as stated. *See id.* We overrule issue four.

Because the trial court's decision will be sustained on issue four, we do not reach issue three which complains that the trial court erred in reversing the administrative decision because it improperly held that a two-year suspension of Alford's license constituted an ex post facto punishment.

We affirm the trial court's Order reversing the Administrative Decision.

Chief Justice GRAY dissenting.

TOM GRAY, Chief Justice, dissenting.

The majority, holding that the county court at law "could have concluded on the face of the record [that] no factual basis existed for the [administrative law judge]'s conclusion of law as stated," affirms the court's order reversing the decision of the administrative law judge. *Tex. Dep't of Pub. Safety v. Alford*, 154 S.W.3d 133, 135 (Tex.App.-Waco 2004, pet. filed) (majority op.). I respectfully dissent. The county court at law could not, applying the correct—substantial evidence—standard of review, correctly have held that the decision of the administrative law judge ("ALJ") was "not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole." *Cf.* Tex. Gov't Code Ann. § 2001.174(2)(E) (Vernon 2000). The majority and, on the majority's analysis, the county court at law look for a reason to reverse the ALJ. The majority finds this reason in the ALJ's recitation of Texas

Transportation Code Section "724.000" instead of the correct Section 724.015. *See* TEX. TRANSP. CODE ANN. § 724.015 (Vernon Supp.2004–2005). Instead, we should determine whether substantial evidence reasonably supports the ALJ's conclusions.

## I. LEGAL BACKGROUND

The administrative suspension of a person's driver's license by virtue of the person's failure to provide a specimen of his or her blood or breath under certain circumstances is governed by Texas's "implied consent" statute, Texas Transportation Code Chapter 724. *See* TEX. TRANSP. CODE ANN. §§ 724.001–724.064 (Vernon 1999 & Supp.2004–2005). " 'Implied consent' means that if a person is arrested for an offense arising out of the operation of a motor vehicle in a public place" or of certain watercraft "while intoxicated, he is deemed to have consented to the taking of one or more specimens of his breath or blood for analysis to determine alcohol concentration" or the presence of other intoxicating substances. *Tex. Dep't of Pub. Safety v. Watson*, 945 S.W.2d 262, 266 (Tex.App.-Houston [1st Dist.] 1997, no writ); *see* TEX. TRANSP. CODE ANN. § 724.002 (Vernon Supp.2004–2005), § 724.011(a) (Vernon 1999). When a person is arrested for driving while intoxicated or certain other offenses, the arresting officer, or any peace officer having reasonable grounds to believe that the person committed the offense, may request that the person submit to the taking of a specimen of breath or blood. TEX. TRANSP. CODE ANN. § 724.012(a) (Vernon Supp. 2004–2005); *see* TEX. PENAL CODE ANN. § 49.04 (Vernon 2003) (driving while intoxicated). If the person refuses to submit, the requesting officer must serve the person with notice of suspension of the person's driver's license. TEX. TRANSP. CODE ANN. §§ 724.032(a)(1), 724.035(a)-(b) (Ver-

non Supp.2004–2005); *see id.* § 724.034 (Vernon 1999).

A person whose driver's license is suspended may request an administrative hearing before an administrative law judge ("ALJ") employed by the State Office of Administrative Hearings ("SOAH"). TEX. TRANSP. CODE ANN. § 724.041(a), (d) (Vernon Supp.2004–2005). Hearings under Chapter 724 are largely governed by the procedures under Transportation Code Chapter 524, which governs the administrative suspension of the driver's license of a person who submits to the taking of a specimen the analysis of which determines that the person had a per se illegal alcohol concentration. *See id.* § 724.041(g) (Vernon Supp.2004–2005); *id.* §§ 524.001–524.051 (Vernon 1999 & Supp.2004–2005); TEX. PENAL CODE ANN. § 49.01(2)(B) (Vernon 2003). Pursuant to Transportation Code Chapters 524 and 724, the Texas Department of Public Safety ("the Department" or "DPS") and SOAH have adopted regulations governing the procedure for license suspension proceedings. *See* TEX. TRANSP. CODE ANN. §§ 524.002(a), 724.003 (Vernon 1999); 1 TEX. ADMIN. CODE §§ 159.1–159.41 (2004) (SOAH); 37 *id.* §§ 17.1–17.16 (2004) (DPS).

"The issues at a hearing under" Sections 724.041 through 724.048 "are whether":

(1) reasonable suspicion or probable cause existed to stop or arrest the person;

(2) probable cause existed to believe that the person was:

(A) operating a motor vehicle in a public place while intoxicated; or

(B) operating a watercraft powered with an engine having a manufacturer's rating of 50 horsepower or above while intoxicated;

(3) the person was placed under arrest by the officer and was requested to submit to the taking of a specimen; and

(4) the person refused to submit to the taking of a specimen on request of the officer.

TEX. TRANSP. CODE ANN. § 724.042 (Vernon Supp.2004–2005). If the ALJ finds in the affirmative on each issue, the suspension is sustained. *Id.* § 724.043(a) (Vernon Supp. 2004–2005). Such an affirmative finding must be by the preponderance of the evidence. 1 TEX. ADMIN. CODE § 159.19(a), (c) (Issues); *Todd v. State,* 956 S.W.2d 777, 778 (Tex.App.-Waco 1997, pet. ref'd) (per curiam); *Ott v. Tex. Dep't of Pub. Safety,* 958 S.W.2d 294, 295 (Tex.App.-Austin 1998, no pet.). If the ALJ does not find in the affirmative on each issue, the Department must return and reinstate the person's license. TEX. TRANSP. CODE ANN. § 724.043(b) (Vernon Supp.2004–2005).

If the ALJ sustains a person's driver's license suspension, the person may appeal the suspension. TEX. TRANSP. CODE ANN. § 724.047 (Vernon 1999). Such an appeal is governed by Transportation Code Chapter 524. *Id.* Chapter 524, in turn, provides, "Chapter 2001, Government Code, applies to a proceeding under this chapter to the extent consistent with this chapter." *Id.* § 524.002(b) (Vernon 1999). Texas Government Code Chapter 2001 is the Administrative Procedure Act ("APA"). TEX. GOV'T CODE ANN. § 2001.002 (Vernon 2000); *see id.* §§ 2001.001–2001.902 (Vernon 2000 & Supp.2004–2005). Thus, the APA generally governs appeals of administrative license suspensions.

The APA provides: "A person who has exhausted all administrative remedies available within a state agency and who is aggrieved by a final decision in a contested case is entitled to judicial review under" the APA.[1] TEX. GOV'T CODE ANN. § 2001.171 (Vernon 2000). The term "state agency" "includes the State Office of Administrative Hearings for the purpose of determining contested cases." *Id.* § 2001.003(7) (Vernon 2000). An administrative driver's license suspension proceeding is a "contested case." *See Tex. Dep't of Pub. Safe-*

---

1. APA Section 901, too, provides, "A party may appeal a final district court judgment under this chapter in the manner provided for civil actions generally." TEX. GOV'T CODE ANN. § 2001.901(a) (Vernon 2000). We have held that "section 2001.901 does not apply to chapter 524 driver's license suspensions." *Tex. Dep't of Pub. Safety v. Whitefield,* 59 S.W.3d 294, 296 (Tex.App.-Waco 2001, no pet.); *accord Tex. Dep't of Pub. Safety v. Story,* 65 S.W.3d 675, 678 (Tex.App.-Waco 1999), *vacated,* 51 S.W.3d 296 (Tex.2001). I understand this to mean that Section 2001.901 does not bar appeals of Chapter 524 proceedings from the county courts at law to the courts of appeals. *See Tex. Dep't of Pub. Safety v. Barlow,* 48 S.W.3d 174 (Tex.2001); *Tex. Dep't of Pub. Safety v. Story,* 115 S.W.3d 588 (Tex. App.-Waco 2003, no pet.).

I understand it to mean, also, that appeals from administrative appeals to the county court at law are "in the manner provided for civil actions generally," with exceptions as necessary. *See* TEX. GOV'T CODE ANN.

§ 2001.901(a). Again, Chapter 524 provides that the APA "applies to a proceeding under" Chapter 524 "to the extent consistent with" Chapter 524. TEX. TRANSP. CODE ANN. § 524.002(b). Unlike the general rule of administrative appeals to Travis County district court, however, Chapter 524 specifically provides for appeal from an ALJ's sustaining of a driver's license suspension to the "county court at law in the county in which the person was arrested or, if there is not a county court at law in the county, in the county court." *Id.* § 524.041(b) (Vernon 1999); *cf.* TEX. GOV'T CODE ANN. § 2001.176(b)(1) (Vernon 2000). Likewise, notwithstanding the general rule that a motion for rehearing in the agency is a prerequisite for judicial review, in an appeal of a driver's license suspension to a county court at law, the ALJ's order is "immediately appealable without the requirement of a motion for rehearing." TEX. TRANSP. CODE ANN. § 524.041(a) (Vernon 1999); *see* TEX. GOV'T CODE ANN. § 2001.145(a) (Vernon 2000).

*ty v. Thompson,* 14 S.W.3d 853, 854 (Tex. App.-Beaumont 2000, no pet.); *Tex. Dep't of Pub. Safety v. Chang,* 994 S.W.2d 875, 875–76 (Tex.App.-Austin 1999, no pet.); Tex. Gov't Code Ann. § 2001.003(1) (Vernon 2000) (defining "contested case"). The ALJ's written decision is final and appealable. *See* Tex. Transp. Code Ann. § 524.035(e) (Vernon Supp.2004–2005); 1 Tex. Admin. Code § 159.31(b) (Decision of the Administrative Law Judge).

Judicial review of ALJs' decisions in driver's license suspensions is authorized "based on the substantial evidence rule as set forth in Government Code, Chapter 2001, § 2001.174." 1 Tex. Admin. Code § 159.37(a) (Appeal of Judge's Decision); *see* Tex. Transp. Code Ann. § 524.041(a) (Vernon 1999), § 724.047; Tex. Gov't Code Ann. § 2001.174 (Vernon 2000); *Mireles v. Tex. Dep't of Pub. Safety,* 9 S.W.3d 128, 131 (Tex.1999).

If the law authorizes review of a decision in a contested case under the substantial evidence rule . . ., a court may not substitute its judgment for the judgment of the state agency on the weight of the evidence on questions committed to agency discretion but:

(1) may affirm the agency decision in whole or in part; and

(2) shall reverse or remand the case for further proceedings if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

(A) in violation of a constitutional or statutory provision;

(B) in excess of the agency's statutory authority;

(C) made through unlawful procedure;

(D) affected by other error of law;

(E) not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole; or

(F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Tex. Gov't Code Ann. § 2001.174. "When an administrative order is appealed to the county court at law, the [county] court [at law] must examine the ALJ's order to determine whether it is reasonably supported by substantial evidence." *Tex. Dep't of Pub. Safety v. Friedel,* 112 S.W.3d 768, 770 (Tex.App.-Beaumont 2003, no pet.).

The substantial evidence standard is a "deferential," *Heat Energy Adv. Tech., Inc. v. W. Dallas Coalition for Envtl. Justice,* 962 S.W.2d 288, 294 (Tex.App.-Austin 1998, pet. denied), and "limited standard of review," *R.R. Comm'n v. Torch Operating Co.,* 912 S.W.2d 790, 792 (Tex.1995). It "gives significant deference to the agency in its field of expertise." *Torch* at 792; *see Montgomery Indep. Sch. Dist. v. Davis,* 34 S.W.3d 559, 566 (Tex.2000). The Separation of Powers Clause of the Texas Constitution prevents a court from substituting its judgment for that of an administrative agency in a substantial evidence review. *See* Tex. Const. art. II, § 1; *Dep't of Pub. Safety v. Petty,* 482 S.W.2d 949, 951 (Tex. Civ.App.-Austin 1972, writ ref'd n.r.e.); *Torch* at 792. "[T]he substantial evidence rule 'prevents the court from "usurping the agency's adjudicative authority even though the court would have struck a different balance[.]" ' " *City of El Paso v. Pub. Util. Comm'n,* 883 S.W.2d 179, 185 (Tex.1994) (quoting *R.R. Comm'n v. Pend Oreille Oil & Gas Co.,* 817 S.W.2d 36, 41 (Tex.1991) [(quoting *Tex. State Bd. of Dental Exam'rs v. Sizemore,* 759 S.W.2d 114, 117 (Tex.1988))] ). "To allow any less of a

standard would merely allow the reviewing court to impermissibly substitute its judgment for the expertise of the administrative officers in the exercise of their statutory discretion." *Tex. State Bd. of Dental Exam'rs v. Silagi,* 766 S.W.2d 280, 286 (Tex.App.-El Paso 1989, writ denied) (op. on reh'g) (citing *Gerst v. Goldsbury,* 434 S.W.2d 665, [667] (Tex.1968)).

" '[S]ubstantial evidence' is a term of art in the area of review of administrative decisions...." *Peaster Indep. Sch. Dist. v. Glodfelty,* 63 S.W.3d 1, 5 (Tex.App.-Fort Worth 2001, no pet.); *accord Hammack v. Pub. Util. Comm'n,* 131 S.W.3d 713, 725 (Tex.App.-Austin 2004, pet. filed). Substantial evidence "does not mean a large or considerable amount of evidence." *Lauderdale v. Tex. Dep't of Agric.,* 923 S.W.2d 834, 836 (Tex.App.-Austin 1996, no writ) (quoting *Pierce v. Underwood,* 487 U.S. 552, 564–65, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988)); *accord Hammack* at 725. In short, an administrative decision "must stand if there is any evidence in the record to support it." *Torch,* 912 S.W.2d at 793.

"The findings, inferences, conclusions, and decisions of an administrative agency are presumed to be supported by substantial evidence, and the burden is on the contestant to prove otherwise." *City of El Paso,* 883 S.W.2d at 185; *accord City of Dallas v. Hamilton,* 132 S.W.3d 632, 636 (Tex.App.-Eastland 2004, pet. denied); *see Collingsworth Gen. Hosp. v. Hunnicutt,* 988 S.W.2d 706, 708 (Tex.1998).

"At its core, the substantial evidence rule is a reasonableness test or a rational basis test." *City of El Paso,* 883 S.W.2d at 185. "Substantial evidence ... means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pend Oreille,* 817 S.W.2d at 41 (quoting *Consol. Edison Co. of N.Y., Inc. v. Nat'l Labor Relations Bd.,* 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938))

(ellipsis in *Pend Oreille* ); *accord Stagg v. Tex. Dep't of Pub. Safety,* 81 S.W.3d 441, 443 (Tex.App.-Austin 2002, no pet.). "The issue for the reviewing court is not whether the agency reached the correct conclusion, but rather whether there is some reasonable basis in the record for the action taken by the agency." *Torch,* 912 S.W.2d at 792. "Taking the evidence as a whole," the court of appeals "must affirm the action of the" agency "unless reasonable minds could not have reached the conclusion the" agency "reached in justifying its action." *Haynes v. City of Abilene,* 659 S.W.2d 638, 640–41 (Tex.1983) (municipal action reviewed for substantial evidence).

"Courts must affirm administrative findings in contested cases if there is more than a scintilla of evidence to support them." *Mireles,* 9 S.W.3d at 131. "[I]f there is evidence to support either affirmative or negative findings on a specific matter, the decision of the agency must be upheld." *Tex. Health Facilities Comm'n v. Charter Med.-Dallas, Inc.,* 665 S.W.2d 446, 453 (Tex.1984); *accord Entergy Gulf States, Inc. v. Pub. Util. Comm'n,* 112 S.W.3d 208, 220 (Tex.App.-Austin 2003, pet. denied). "[T]he evidence on the record actually may preponderate against the decision of the agency and nonetheless amount to substantial evidence." *Torch,* 912 S.W.2d at 792–93 (quoting *Charter* at 452).

The scope of review of contested case orders under the substantial evidence rule is "confined to the agency record." TEX. GOV'T CODE ANN. § 2001.175(e) (Vernon 2000); *see id.* § 2001.060 (Vernon 2000) (defining contents of agency record); *McMullen v. Employees Ret. Sys.,* 935 S.W.2d 189, 192 (Tex.App.-Austin 1996, writ denied); *Tex. Dep't of Pub. Safety v. Raffaelli,* 905 S.W.2d 773, 776 (Tex.App.-Texarkana 1995, no writ). Indeed, the re-

viewing trial court is "forbidden to receive evidence."[2] *McMullen* at 192. "One reason 'for the exclusiveness of the record principle' is that it 'affords reviewing courts *full* opportunity to evaluate the [agency] decision.'" *Dolenz v. Tex. State Bd. of Med. Exam'rs,* 899 S.W.2d 809, 813 n.1 (Tex.App.-Austin 1995, no writ) (Powers, J., dissenting) (quoting BERNARD SCHWARTZ, ADMINISTRATIVE LAW § 713, at 368 (2d ed.1984)) (emphasis and alteration in *Dolenz* ).

Under the substantial evidence test, courts review an agency's legal conclusions *de novo. In re Humphreys,* 880 S.W.2d 402, 404 (Tex.1994) (attorney discipline). In particular, a court of appeals "review[s] the determination by the county court at law de novo." *Friedel,* 112 S.W.3d at 770. "The question of whether an agency's determination meets" the substantial evidence "standard is one of law." *Davis,* 34 S.W.3d at 566; *accord City of Houston v. Martin,* 125 S.W.3d 656, 659 (Tex.App.-Houston [1st Dist.] 2003, no pet.); *Tex. Dep't of Pub. Safety v. Jackson,* 76 S.W.3d 103, 106 (Tex.App.-Houston [14th Dist.] 2002, no pet.). "When conducting a de novo review, the reviewing tribunal exercises its own judgment and redetermines each issue of fact and law. In such a review, the reviewing tribunal accords the original tribunal's decision absolutely no deference." *Quick v. City of Austin,* 7 S.W.3d 109, 116 (Tex.1998) (op. on orig. submission) (internal citations omitted); *accord Tarrant Reg'l Water Dist. v. Gragg,* 43 S.W.3d 609, 615 (Tex.App.-Waco 2001), *aff'd,* 151 S.W.3d 546, 552 (Tex.2004).

This Court has held that "[d]espite the fact that the APA provides that appeals from the trial court's judgment are taken 'in the manner provided for civil actions generally,' the appellate courts habitually review the agency order itself, not the trial court's judgment." *Tex. Dep't of Pub. Safety v. Lavender,* 935 S.W.2d 925, 929 n. 13 (Tex.App.-Waco 1996, writ denied) (quoting TEX. GOV'T CODE ANN. § 2001.901 (Vernon 2000)). This is not a "habit"; it is the law.

> Under the substantial evidence rule the issue to be decided and on which evidence is to be heard is the *reasonableness* of the [agency]'s order; this is a question of law and an appellate court cannot render its decision based upon facts found by a trial court because the legal test of the *reasonableness* of an order of the [agency] is whether it is reasonably supported by substantial evidence and not whether it is supported by a preponderance of the evidence. Furthermore, trial of fact issues by a judge or jury is avoided; it is the [agency]'s fact finding that is before the trial and appellate courts.

*See City of San Antonio v. Tex. Water Comm'n,* 407 S.W.2d 752, 756 (Tex.1966) (emphasis in orig.). When a court of appeals reviews a county court at law's judgment reviewing, in turn, an administrative order, the court of appeals "review[s] the agency record to determine whether there is substantial evidence to support the ALJ's decision"; the court of appeals "review[s] the determination by the county court at law de novo." *Friedel,* 112 S.W.3d at 770; *accord Pub. Util. Comm'n v. City Pub. Serv. Bd.,* 109 S.W.3d 130, 135 (Tex.App.-Austin 2003, no pet.) ("ground

---

**2.** The only exception to that rule is that "the court may receive evidence of procedural irregularities alleged to have occurred before the agency that are not reflected in the rec-

ord." TEX. GOV'T CODE ANN. § 2001.175(e); *see Tex. Water Comm'n v. Dellana,* 849 S.W.2d 808, 810 (Tex.1993).

for reversal presents a question of law that we review *de novo* "); *Jackson,* 76 S.W.3d at 106. The court of appeals reviews the trial court's judgment to determine whether it correctly reviewed the agency order. The court of appeals, which is in at least as good a position to review the administrative record as is the trial court, determines whether the agency order is supported by substantial evidence, without deference to the trial court's judgment. If the court of appeals holds that the trial court correctly held that the agency order is supported by substantial evidence, the court of appeals affirms the trial court. If the court of appeals holds that the trial court incorrectly held that the agency order is not supported by substantial evidence, the court of appeals reverses the trial court.

## II. ANALYSIS

The majority holds:

No findings of fact or conclusions of law were requested or filed. When written findings of fact and conclusions of law are not requested or filed, then the decision being reviewed must be affirmed on any legal theory finding support in the evidence. *Texas Dep't of Pub. Safety v. Wilmoth,* 83 S.W.3d 929, 931 (Tex.App.-Amarillo 2002, no pet.). When a decision or judgment must be upheld on any ground supported by the record, it is the appellant's burden to assign error to each ground or the decision will be affirmed on the ground to which no complaint was made. *See id.*

The Administrative Decision recites as a finding of fact that Alford was given warnings under section "724.000" because he was operating a non-commercial vehicle. No such section exists in the Transportation Code. As a conclusion of law, the decision says *"Based on the foregoing,* the Judge concludes the Department proved the issues set out in Tex. Transp. Code Ann. § 524.035 or

724.042 and that Defendant's license is subject to a suspension for 2 years pursuant to Tex. Transp. Code Ann. § 724.035." (Emphasis added.) Based on the written decision, the trial court could have concluded that on the face of the record no factual basis existed for the conclusion of law as stated. *See id.*

Op. at 135 (emphasis in orig.); *see* Tex. Transp. Code Ann. §§ 524.035, 724.035 (Vernon Supp.2004–2005), § 724.042.

The majority errs in suggesting that the Department should have requested findings of fact and conclusions of law, since findings and conclusions would not have been proper in this administrative appeal under the substantial evidence rule; thus, the majority errs in premising its holding on the absence of findings of fact and conclusions of law. By the same token, the majority does not apply the substantial evidence standard of review. Lastly, the majority errs in not performing a harm analysis.

## II. A. The county court at law could not have made findings of fact and conclusions of law.

The majority errs in deciding the case on a basis dependent on the Department's not requesting findings of fact and conclusions of law. Under the procedural posture of this administrative appeal, the county court at law could not properly have made findings of fact and conclusions of law, because the court did not hear, and could not properly have heard, evidence on the issues that the ALJ found.

The majority cites a recent case of the Amarillo Court of Appeals for the proposition, "When written findings of fact and conclusions of law are not requested or filed, then the decision being reviewed must be affirmed on any legal theory find-

ing support in the evidence." Op. at 135 (citing *Wilmoth*, 83 S.W.3d at 931). The majority notes that in the instant cause, "No findings of fact or conclusions of law were requested or filed." *Id.; see* TEX.R. CIV. P. 296–299a.

To the extent that *Wilmoth* suggests that findings and conclusions would be helpful or appropriate in reviewing the county court at law's judgment on appeal from an ALJ's decision suspending a driver's license, I would differ. *Cf. Wilmoth*, 83 S.W.3d at 931. In support of its holding, *Wilmoth* cites cases concerning non-administrative appeals from district courts to courts of appeals. *Id.* (citing *In re W.E.R.*, 669 S.W.2d 716, 717 (Tex.1984) (per curiam) (adoption); *Southwestern Newspapers Corp. v. Curtis*, 584 S.W.2d 362, 366 (Tex.Civ.App.-Amarillo 1979, no writ) (temporary injunction)). In such cases, after hearing evidence, it would be appropriate for the district court to make findings of fact and conclusions of law, and for the court of appeals to review the legal and factual sufficiency of the evidence supporting those findings. *See* TEX.R. CIV. P. 296.

Texas Rule of Civil Procedure 296 provides, "In any case tried in the district or county court without a jury, any party may request the court to state in writing its findings of fact and conclusions of law." TEX.R. CIV. P. 296. "The purpose of Rule 296 is to give a party a right to findings of fact and conclusions of law finally adjudicated after a conventional trial on the merits before the court." *IKB Indus. (Nig.) Ltd. v. Pro–Line Corp.*, 938 S.W.2d 440, 442 (Tex.1997). But where the trial court does not conduct an evidentiary hearing, findings of fact and conclusions of law are out of place. *Id.* at 441–42 (summary

judgment); *Int'l Union, United Auto., Aerospace & Agric. Implement Workers v. Gen. Motors Corp.*, 104 S.W.3d 126, 128–29 (Tex.App.-Fort Worth 2003, no pet.) (agreed facts).

Here, the county court at law did not hear evidence. The court signed its order after only "having reviewed the record and having heard arguments of counsel." (C.R. at 55.)

Moreover, the county court at law could not properly have heard evidence on the issues that the ALJ found. In judicial review of a contested case, in rare cases a statute provides that a Travis County district court "must try the issue de novo." [3] *R.R. Comm'n v. WBD Oil & Gas Co.*, 104 S.W.3d 69, 75 (Tex.2003); *see* TEX. GOV'T CODE ANN. § 2001.173 (Vernon 2000), § 2001.176(b)(1); *e.g.*, TEX. TAX CODE ANN. § 112.054 (Vernon 2002) (taxpayer suit). "[F]ar more often," a reviewing court "is limited to determining whether the agency decision was supported by substantial evidence." *WBD* at 75; *see* TEX. GOV'T CODE ANN. § 2001.174. Such is the case in an appeal of an administrative license suspension to the county court at law. *See* 1 TEX. ADMIN. CODE § 159.37(a); TEX. TRANSP. CODE ANN. §§ 724.047, 524.041(a).

"[W]hether there is substantial evidence to support" an agency's "decision is purely a question of law. Therefore, even if requested, the trial court need not and should not file findings of fact and conclusions of law following rendition of judgment in an administrative appeal." *Madisonville Consol. Indep. Sch. Dist. v. Tex. Emp. Comm'n*, 821 S.W.2d 310, 314 (Tex. App.-Corpus Christi 1991, writ denied) (internal citations omitted); *accord Young Chevrolet, Inc. v. Tex. Motor Vehicle Bd.*,

---

3. In such cases, the filing of findings of fact and conclusions of law by the district court would be proper and helpful. *See* 1 RONALD L.

BEAL, TEXAS ADMINISTRATIVE PRACTICE AND PROCEDURE § 9.2.1 (1999); *see also* TEX. GOV'T CODE ANN. §§ 2001.173(a), 2001.901 (Vernon 2000).

974 S.W.2d 906, 911 n. 9 (Tex.App.-Austin 1998, pet. denied); *State v. Pub. Util. Comm'n*, 840 S.W.2d 650, 656 (Tex.App.-Austin 1992), *rev'd in part on other grounds and aff'd in part*, 883 S.W.2d 190 (Tex.1994). In an administrative appeal, "there exist[s] no evidence from which the judge could infer facts and no occasion to give any fact findings legal effect through conclusions of law." *McMullen*, 935 S.W.2d at 192.

Accordingly, the Department correctly did not request findings of fact and conclusions of law from the county court at law.

To the extent, however, that *Wilmoth* holds that the county court at law could reverse the ALJ's decision only on the grounds alleged in the petition of the person whose driver's license was suspended, *Wilmoth* correctly states the law. *See Tex. Dep't of Pub. Safety v. Nielsen*, 102 S.W.3d 313, 316 (Tex.App.-Beaumont 2003, no pet.); *Gene Hamon Ford, Inc. v. David McDavid Nissan, Inc.*, 997 S.W.2d 298, 304–305 (Tex.App.-Austin 1999, pet. denied); *see generally Perry v. S.N.*, 973 S.W.2d 301, 303 (Tex.1998) (summary judgment); *Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex.1970) (same).

Alford's petition in the county court at law alleged: (1) "Petitioner was not informed that a refusal would result in a suspension of this [sic] commercial driver's license"; (2) the "two (2) year enhancement is 'ex post facto' in nature and therefore void"; and (3) "the [Administrative License Revocation ('ALR')] Court improperly found on the merits by a preponderance of the evidence that D.P.S. successfully proved the elements of its case."

(C.R. at 2); *see* 37 Tex. Admin. Code § 17.2 (Definitions) (defining "Administrative License Revocation"). The Department filed an answer containing a general denial. (C.R. at 5.) The Department challenged each of those grounds in the alternative in its brief. (Dep't's Br. at 26–29; *see id.* at 11–22.) Accordingly, even under *Wilmoth*, properly understood, the Department correctly challenged all grounds on which the county court at law might have based its order, and thus did not fail to assign error. *Cf. Wilmoth*, 83 S.W.3d at 931.

## II.  B.  The majority errs in failing to apply the correct standard of review.

The majority errs in failing to apply the substantial evidence standard of review or incorrectly applying the standard. The majority can only hold as it does if it holds that the ALJ could not reasonably have held as he did.

The majority holds that, "[b]ased on the written decision, the trial court could have concluded that on the face of the record no factual basis existed for the conclusion of law." Op. at 135. But the standard is not whether, after searching the record, the trial court could have found some evidence contrary to the ALJ's findings. Under the substantial evidence rule it is immaterial that the evidence would support a negative finding. The standard, rather, is whether substantial evidence in the record supports the affirmative findings. Abundant evidence supports the finding that the majority challenges.

The ALJ found that Alford "was properly asked to submit a specimen of breath."[4]

---

4. I would assume without deciding, as the majority necessarily tacitly assumes, that "refuse" means "refuse after proper warning." *Cf.* op. at 134–35. The Department's brief, too, apparently so assumes. (*See* Dep't's Br. at 21–22.) Due process does not require warnings. *South Dakota v. Neville*, 459 U.S. 553, 565–66, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983); *but see Tex. Dep't of Pub. Safety v. Thomas*, 985 S.W.2d 567, 569 & n. 2 (Tex. App.-Waco 1998, no pet.); *but see also Tex. Dep't of Pub. Safety v. Struve*, 79 S.W.3d 796,

(C.R. at 37.) The ALJ also made the finding to which the majority points, that Alford "was read the statutory warning prescribed under Tex. Transp. Code Ann. § 724.000." (*Id.*) The majority correctly states, "No such section exists in the Transportation Code." Op. at 135.

First, I see no objection to understanding the ALJ's reference to "Tex. Transp. Code Ann. § 724.000" to signify Transportation Code Annotated Chapter 724. In any case, the ALJ heard substantial evidence in support of the finding that Alford "was properly asked to submit a specimen of breath." (*See* C.R. at 37.) Chapter 724 requires:

> Before requesting a person to submit to the taking of a specimen, the officer shall inform the person orally and in writing that:
>
> (1) if the person refuses to submit to the taking of a specimen, that refusal may be admissible in a subsequent prosecution;
>
> (2) if the person refuses to submit to the taking of the specimen, the person's license to operate a motor vehicle will be automatically suspended, whether or not the person is subsequently prosecuted as a result of the arrest, for not less than 180 days;
>
> (3) if the person is 21 years of age or older and submits to the taking of a specimen designated by the officer and an analysis of the specimen shows the person had an alcohol concentration of a level specified by Chapter 49, Penal Code, the person's license to operate a motor vehicle will be automatically suspended for not less than 90 days, whether or not the person is subsequently prosecuted as a result of the arrest;
>
> ...; and
>
> (6) the person has a right to a hearing on the suspension or denial if, not later than the 15th day after the date on which the person receives the notice of suspension or denial or on which the person is considered to have received the notice by mail as provided by law, the department receives, at its headquarters in Austin, a written demand, including a facsimile transmission, or a request in another form prescribed by the department for a hearing.

TEX. TRANSP. CODE ANN. § 724.015; *see* TEX. PENAL CODE ANN. § 49.01(2)(B).[5]

The ALJ received into evidence the arresting officer's affidavit of probable cause, which stated, "ALFORD WAS READ ... THE DIC–24, STATUTORY WARNING." (C.R. at 32); *see* 37 TEX. ADMIN. CODE § 17.4(1)(C) (Administrative License Revocation Reports) (Form DIC–24). The ALJ also received into evidence the Form DIC–24, which contains the following warnings:

> You are under arrest for an offense arising out of acts alleged to have been committed while you were operating a motor vehicle or watercraft in a public place while intoxicated or an offense under Section 106.041, Alcoholic Beverage Code. You will be asked to give a specimen of your breath and/or blood. The

---

800 (Tex.App.-Corpus Christi 2002, pet. denied) ("The warnings provide the suspect with actual, direct, and statutory consequences if the suspect refuses to provide a specimen. This ensures the suspect's refusal is voluntary." (internal citation omitted)).

**5.** Alford having been born in 1964, the warning for persons younger than twenty-one years of age is inapplicable. *See* (C.R. at 35); TEX. TRANSP. CODE ANN. § 724.015(4). Likewise inapplicable, since Alford had a driver's license, is the warning for persons without a driver's license. *See* (C.R. at 35); TEX. TRANSP. CODE ANN. § 724.015(5).

specimen will be analyzed to determine the alcohol concentration or the presence of a controlled substance, drug, dangerous drug or other substance in your body

If you refuse to give the specimen, that refusal may be admissible in a subsequent prosecution. Your license, permit or privilege to operate a motor vehicle will be suspended or denied for not less than 180 days, whether or not you are subsequently prosecuted for this offense

If you are 21 years of age or older and submit to the taking of a specimen and an analysis of the specimen shows that you have an alcohol concentration of 0.08 or more, your license, permit or privilege to operate a motor vehicle will be suspended or denied for not less than 90 days, whether or not you are subsequently prosecuted for this offense

. . .

You may request a hearing on the suspension or denial. This request must be received by the Texas Department of Public Safety at its headquarters in Austin, Texas, no later than 15 days after you receive or are presumed to have received notice of suspension or denial[.] The request can be made by written demand, fax, or other form prescribed by the Department

I certify that I have informed you both orally and in writing of the consequences of refusing to submit to the taking of a specimen or providing a specimen. I have provided you with a complete and true copy of this statutory warning

I am now requesting a specimen of your ☒ **Breath** ☐ **Blood**

(C.R. at 34 (bold face in orig.) (x in manuscript)); *see* Tex. Transp. Code Ann. § 724.015 (statutory warnings); Tex. Alco. Bev.Code Ann. § 106.041 (Vernon Supp. 2004–2005) (driving while under influence of alcohol by minor). The officer also certifies that Alford "refused to allow the taking of a specimen and further refused to sign below as requested by this officer." (C.R. at 34.)

The ALJ made the following conclusion of law in his Administrative Decision:

Based on the foregoing, the Judge concludes the Department proved the issues set out in Tex. Transp. Code Ann. § 524.035 or 724.042 and that Defendant's license is subject to a ✓ **suspension** or ___ denial for ___ 90 days, or ___ One year pursuant to Tex. Transp. Code Ann. § 524.022, or for ___ 180 days, or ✓ **2 years** pursuant to Tex. Transp. Code Ann. § 724.035.

(C.R. at 38 (bold face in orig.) (check marks in manuscript)); *see* Tex. Transp. Code Ann. § 524.022 (Vernon Supp.2004–2005), §§ 524.035, 724.035, 724.042. The ALJ therefore ordered, "The Department is authorized to suspend or deny Defendant's driving privileges for the period indicated above." (C.R. at 39.)

On the basis of this evidence, there is some evidence, certainly more than a scintilla, perhaps evidence conclusive as a matter of law, that the officer properly warned Alford. Accordingly, the county court at law could only have found that the ALJ's order was reasonable and supported by substantial evidence. To find any other way, the ALJ would have erred as a matter of law. Accordingly, the county court at law would have erred as a matter of law in reversing the ALJ's order on the ground on which the majority does.

II. C. The majority errs in failing to apply a harm analysis.

The majority also errs in ignoring the requirement that Alford show prejudice. Alford cannot show prejudice to his substantial rights from the ALJ's recitation of

an incorrect Transportation Code section number.

A court reviewing an agency decision under the substantial evidence rule may reverse "if substantial rights of the appellant have been prejudiced because the administrative findings" are "not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole." TEX. GOV'T CODE ANN. § 2001.174(2) & (E). Even when a court finds error, thus, "the substantial evidence rule requires reversal only when a party's substantial rights are prejudiced." *Gulf States Utils. Co. v. Pub. Util. Comm'n,* 947 S.W.2d 887, 891 (Tex.1997). That is, under the substantial evidence standard, the "trial court may reverse only upon finding the ALJ's decision was erroneous *and* that the error prejudiced the substantial rights of the appellant." *Tex. Dep't of Pub. Safety v. Pruitt,* 75 S.W.3d 634, 638 (Tex.App.-San Antonio 2002, no pet.) (quoting *Tex. Dep't of Pub. Safety v. Nordin,* 971 S.W.2d 90, 95–96 (Tex.App.-Houston [14th Dist.] 1998, no pet.)) (emphasis in *Nordin* ); *accord Tex. Dep't of Pub. Safety v. Jenkins,* 60 S.W.3d 304, 308 (Tex.App.-Austin 2001, no pet.).

"A 'right' is generally defined as a power, privilege or immunity guaranteed under a Constitution, statutes or decisional laws or claimed as a result of long usage." 1 RONALD L. BEAL, TEXAS ADMINISTRATIVE PRACTICE AND PROCEDURE § 9.3.2, at 9–33 (June 2004). "It has been established that in a contested case proceeding, a party has certain rights as provided by the United States and Texas Constitutions, the relevant regulatory statute, the APA, and agency rules of substance or procedure." *Id.* at 9–33 through 9–34 (June 2004) (internal footnote omitted) (citing *Vandygriff v. First Sav. & Loan Ass'n of Borger,* 617 S.W.2d 669, 672 (Tex.1981)). In order to establish prejudice to substantial rights in an administrative order, a "party must establish that the error materially affected the agency result or impacted a material issue in the order, and therefore was reasonably calculated to cause and probably did cause the rendition of an improper order." *Id.* § 9.3.2, at 9–34 (internal footnotes omitted) (citing *Tex. Dep't of Pub. Safety v. Jennings,* 1 S.W.3d 348, 352 (Tex. App.-Corpus Christi 1999, no pet.); *Nordin,* 971 S.W.2d at 95–96); *see generally* TEX.R.APP. P. 44.1(a)(1).

Mistakes such as that found by the majority do not prejudice an appellant's substantial rights. For example, a juvenile petition alleging a "nonexistent penal code section" has been held not erroneous. *In re H.R.A.,* 790 S.W.2d 102, 104–105 (Tex. App.-Beaumont 1990, no writ). Nor are similar mistakes that do not prejudice an appellant's substantial rights reversible. In *Texas Department of Public Safety v. Segrest,* the ALJ found that the driver involved in a collision with the appellant identified the appellant to an "Officer Laurence"; but the evidence showed only Officers Wismar and Boyd on the scene. *Tex. Dep't of Pub. Safety v. Segrest,* No. 03–02–00671–CV, 2003 WL 22348841, at *4, 2003 Tex.App. LEXIS 8809, at *8–*9 (Tex.App.-Austin Oct.16, 2003, no pet.) (mem.op.). Calling this "discrepancy" a "clerical error," the Austin Court found, "The ALJ's incorrect naming of the investigating officer is not material, nor does it impair [the appellant]'s substantial rights." *Id.,* 2003 WL 22348841, at *4, at *8, *11–*12, 2003 Tex.App. LEXIS 8809, at *8, *11. Similarly, in *Texas Department of Public Safety v. Kusenberger,* the ALJ found that the officer requested, and the appellee refused to provide, a specimen of her breath; while the evidence was that the officer requested a specimen of blood. *Tex. Dep't of Pub. Safety v. Kusenberger,* 29 S.W.3d 154, 156–57 (Tex.App.-San Antonio 2000, no pet.). The court held: "Although the ALJ erred administratively in memorializ-

ing her findings in writing, th[e] evidence supports the reasonableness of the ALJ's finding that [the appellee] refused to submit a specimen. Thus, the trial court erred, because instead of determining the reasonableness of the ALJ's finding, the trial judge determined that the ALJ was *incorrect* in her finding." *Id.* at 157; *see also Blankenbeker v. Tex. Dep't of Pub. Safety,* 990 S.W.2d 813, 818–19 (Tex.App.-Austin 1999, pet. denied) (incorrect date not reversible).

Accordingly, applying the substantial evidence rule's prejudice standard, as we must, the majority could only find that Alford's substantial rights were not prejudiced.

## II. D. WE SHOULD REACH THE DEPARTMENT'S OTHER ISSUES.

The majority correctly sustains the Department's first issue, and thus correctly does not reach the second issue. *See* op. at 134–35. We should now reach the Department's other issues. I would continue analyzing the Department's fourth issue, disregarding the majority's analysis, by considering whether the other issues found by the ALJ are supported by substantial evidence. Then, if necessary, we should reach the Department's third issue.

I will briefly analyze the Department's remaining issues.

### II. D. 1. *Substantial evidence of other issues*

In the Department's fourth issue, it contends that the ALJ's findings and conclu-sions were supported by substantial evidence. Alford's petition in the county court at law alleged, "Petitioner complains on appeal that the ALR Court improperly found on the merits by a preponderance of the evidence that D.P.S. successfully proved the elements of its case." (C.R. at 2.) It is likely that a thorough analysis of this issue would sustain it.[6]

The ALJ made affirmative findings on each of the issues at the hearing. *See* (C.R. at 37–38); TEX. TRANSP. CODE ANN. § 724.042. The Department called officers who testified at some length concerning their stop, investigation, and arrest of Alford for driving while intoxicated, and the Department introduced documentary evidence on the same matters. *See* (C.R. at 10–27, 28–36.)

Thus, we should probably sustain this issue. If we sustain it, we should proceed to the Department's third issue.

### II. D. 2. *Ex post facto legislation*

In Alford's petition in the county court at law, he alleged: "The Petitioner has a prior alcohol related contact in April 9, 2000. At the time of this alcohol related contact Chapter 724 of the Transportation Code did not allow a two (2) year enhancement provision." (C.R. at 2); *see* TEX. TRANSP. CODE ANN. § 724.035(b), § 524.001(3) (Vernon 2004–2005) (defining "alcohol-related or drug-related enforcement contact"). The Department presents

---

6. Alford's argument in this connection is limited, after quoting Transportation Code Section 522.081, which concerns disqualification from driving a commercial motor vehicle, to the following: "The Legislative changes cited in 724.043 do not <u>mandate</u> suspension because Alford did not receive a proper request for the taking of a specimen and Alford did not make a voluntary refusal due to the improper request of the officer. Therefore the Trial Court did not err in reversing the improper suspension of Alford's license." (Alford's Br. at 17–18 (underlining in orig.)); *see* TEX. TRANSP. CODE ANN. § 522.081 (Vernon Supp.2004–2005), § 724.043. Alford thus utterly fails to carry the burden of challenging the substantial evidence in support of the ALJ's conclusions. *Cf. City of El Paso,* 883 S.W.2d at 185.

the issue: "A conviction that occurred prior to the enactment of a statute providing for increased punishment upon a subsequent conviction may be used for enhancement purposes under that statute without being ex post facto in application. [T]he trial court err[ed] in impliedly holding that the two-year suspension of Alford's driver's license constituted an ex post facto punishment[.]" (Dep't's Br. at vi.) It is likely that a thorough analysis of this issue would sustain it.

I note first that "the question of the duration of the suspension of the license is a matter resting within the discretion of the Department and can only be disturbed upon a showing of an abuse of discretion." *Tex. Dep't of Pub. Safety v. Richardson*, 384 S.W.2d 128, 132 (Tex.1964) (citing *Tex. Dep't of Pub. Safety v. King*, 366 S.W.2d 215 (Tex.1963)).

The ALJ found that Alford's driving record showed one or more alcohol-related or drug-related enforcement contacts in the ten years preceding the date of Alford's arrest. *See* TEX. TRANSP. CODE ANN. §§ 524.001(3), 724.035(b). This finding is supported by substantial evidence in the administrative record. Alford's certified driving record shows another administrative license suspension under Transportation Code Chapter 724 in 2000, and administrative license revocations for having a per se illegal alcohol concentration in 1990 and 1995 in Oklahoma. (C.R. at 35–36); *see generally* OKLA. STAT. tit. 47, § 754(C) (LEXIS through 2004 Supp., 2003 Sess.).

Courts have consistently upheld the Transportation Code's habitual violator statute against similar challenges. *See* TEX. TRANSP. CODE ANN. § 521.292(a)(3), (b) (Vernon Supp.2004–2005); *e.g., Cooley v. Tex. Dep't of Pub. Safety,* 348 S.W.2d 267, 269 (Tex.Civ.App.-Fort Worth 1961, no writ); *see also Sparkman v. State,* 997 S.W.2d 660, 669 (Tex.App.-Texarkana

1999, no pet.) (use of suspension under prior law to prove driving while license suspended under current law not *ex post facto* ).

Thus, we should probably sustain this issue. If we sustain it, having sustained all of the Department's issues, we should reverse.

## II. E. WE SHOULD CLARIFY THE STATUS OF THIS CASE.

Lastly, we should note the current status of this case. The county court at law having reversed the ALJ's order, and the majority having affirmed the county court at law's order, the case remains in SOAH. A court reviewing an agency's decision under the substantial evidence rule "shall reverse or remand the case for further proceedings if substantial rights of the appellant have been prejudiced." TEX. GOV'T CODE ANN. § 2001.174(2). "[T]he guiding principle ... is that the function of the reviewing court ends when an error of law is laid bare." *Employees' Ret. Sys. v. McKillip,* 956 S.W.2d 795, 802 (Tex.App.-Austin 1997, no pet.) (quoting *Fed. Power Comm'n v. Idaho Power Co.,* 344 U.S. 17, 20, 73 S.Ct. 85, 97 L.Ed. 15 (1952)) (bracketed alteration in *McKillip* ), *disapproved of in part on other grounds, Tex. Natural Res. Conserv. Comm'n v. Sierra Club,* 70 S.W.3d 809, 814 (Tex.2002). "[T]he trial court c[an] only ... affirm[ ] the ALJ's decision, or reverse[ ] and remand[ ] it if the trial court determine[s] that the ALJ's decision [i]s" erroneous on the grounds of APA Section 174's "specific statutory considerations." *Tex. Dep't of Transp. v. Jones Bros. Dirt & Paving Contractors, Inc.,* 92 S.W.3d 477, 485 (Tex.2002); *see* TEX. GOV'T CODE ANN. § 2001.174. A trial court reversing an agency order "c[an]not grant relief." *Helton v. R.R. Comm'n,* 126 S.W.3d 111, 115 (Tex.App.-Houston [1st Dist.] 2003, pet. denied); *accord Tex. Dep't*

*of Transp. v. T. Brown Constructors, Inc.,* 947 S.W.2d 655, 660 (Tex.App.-Austin 1997, writ denied) (holding district court "without authority to render a judgment that usurped the agency's authority and discretion"); *Tex. State Bd. of Pharmacy v. Seely,* 764 S.W.2d 806, 815 (Tex.App.-Austin 1988, writ denied) (holding district court could not hold agency's order "null and void," and remanding to district court with orders to remand to agency); *but see Tex. Dep't of Pub. Safety v. Story,* 115 S.W.3d 588, 593 (Tex.App.-Waco 2003, no pet.) (dicta) (suggesting "reverse or remand" in Tex. Gov't Code Ann. § 2001.174(2) means "reviewing court may ... reverse the ALJ's decision and render judgment in favor of the party seeking review"). "This is a direct restriction on the special statutory jurisdiction delegated to the court in the APA—the court is not free generally to render the *kind of relief* it believes the agency should have awarded based on the agency record." *Sierra Club v. Tex. Natural Res. Conserv. Comm'n,* 26 S.W.3d 684, 688 (Tex.App.-Austin 2000) (emphasis in orig.) (reversing district court's dismissal), *aff'd,* 70 S.W.3d 809 (Tex.2002). Rather, the court "shall reverse and remand the cause to the agency." *Hinkley v. Tex. State Bd. of Med. Exam'rs,* 140 S.W.3d 737, 743 (Tex.App.-Austin 2004, pet. denied) (citing Tex. Gov't Code Ann. § 2001.174(2)(E)); *Hammack,* 131 S.W.3d at 715. Accordingly, the county court at law's order remanded the case to SOAH.

On remand, moreover, the ALJ may reopen the evidence. "A decision whether to reopen the evidence on judicial remand is within agency discretion...." *Allen-Burch, Inc. v. Tex. Alco. Bev. Comm'n,* 104 S.W.3d 345, 349–50 (Tex.App.-Dallas 2003, no pet.); *accord Pretzer v. Motor Vehicle Bd.,* 125 S.W.3d 23, 41 (Tex.App.-Austin 2003), *rev'd in part on other grounds and aff'd in part,* 138 S.W.3d 908 (Tex.2004) (per curiam). "Factors to consider in a motion to reopen are: whether the evidence in support of the motion to reopen is 'material, relevant, and decisive,' whether reception of such evidence will cause any undue delay, and whether refusal to reopen will do an injustice." *Pretzer* at 41 (quoting *Word of Faith World Outreach Ctr. Church, Inc. v. Oechsner,* 669 S.W.2d 364, 367 (Tex.App.-Dallas 1984, no writ)).

## III. CONCLUSION

For these reasons, I respectfully dissent.