**TEXAS DEPARTMENT OF PUBLIC SAFETY, Petitioner,**

v.

**Gyles Robert ALFORD, Respondent.**

No. 05–0164.

Supreme Court of Texas.

Dec. 1, 2006.

Michelle Rangel, Houston, Kevin Michael Givens, Texas Department of Public Safety, Raini 'Rene' Pass, Austin, for Petitioner.

Philip C. Banks, Bryan, for Respondent.

PER CURIAM.

Respondent Gyles Robert Alford held a commercial driver's license but was driving a non-commercial vehicle when he was arrested for driving while intoxicated. He refused a breath test, and his license was administratively suspended for two years. The trial court reversed the suspension, and a divided court of appeals affirmed, holding that no factual basis existed for the suspension. 154 S.W.3d 133 (Tex. App.-Waco 2004). We disagree. We also hold that a statute allowing consideration of prior offenses is not an invalid ex post facto law. Accordingly, we reverse the judgment of the court of appeals and render judgment in favor of petitioner, the Texas Department of Public Safety.

About 1:25 a.m., a police officer observed Alford drive a Geo Storm into city-street oncoming-traffic lanes twice and then off into a ditch. The officer stopped Alford and noticed that his speech was slurred and that he smelled of alcohol. When Alford admitted he had been drinking beer and failed three field sobriety tests, he was arrested. He refused a breath test after being warned of the consequences as required by section 724.015 of the Texas Transportation Code.[1] Because he had had an "alcohol-related enforcement contact" (defined in section 524.001(3)) two years earlier, his commercial driver's license was suspended for two years, as mandated by section 724.035(b) ("The period of suspension or denial is two years if the person's driving record shows one or more alcohol-related or drug-related enforcement contacts, as defined by Section 524.001(3), during the 10 years preceding the date of the person's arrest.").

An administrative law judge sustained the suspension, and Alford appealed, asserting three grounds: (1) although he was told that refusal to give a breath sample would result in the suspension of a driver's license, he should also have been warned that his refusal to give a breath sample would result in the suspension of his commercial driver's license with no provision for operating a commercial vehicle for occupational purposes; (2) section 724.035(b) is " 'ex post facto' in nature and therefore void" because it requires a longer suspension based on occurrences before the statute was enacted; and (3) the evidence was insufficient to support the suspension. The trial court reversed without giving a reason. The court of appeals affirmed, agreeing with the Department on (1) but with Alford on (3), and not reaching (2). 154 S.W.3d at 134–35.

■ Section 522.103 requires an officer to warn a commercial driver of the consequences of refusing to give a breath, blood, or urine specimen, but section 522.102(c)

---

1. All statutory references are to the Texas Transportation Code unless otherwise noted.

limits the requirement to a driver stopped while driving a commercial vehicle. Otherwise, the only other warning required is prescribed by section 724.015, which Alford was given. Therefore, as the court of appeals concluded, Alford's first basis for challenging the suspension is without merit.

■ The suspension of Alford's license was increased from 180 days to two years because of an alcohol-related contact with law enforcement prior to the date that section 724.035(b), the statute requiring such enhancement, was enacted. Alford cites no authority for his argument that the statute is thus an invalid ex post facto law, and we know of none. "It is well settled that a conviction which occurred prior to the enactment of a statute providing for increased punishment upon a subsequent conviction may be used for enhancement purpose under that statute, and that such usage is not unconstitutional as being ex post facto application of the statute" under either the United States Constitution or the Texas Constitution. *Vasquez v. State,* 477 S.W.2d 629, 632 (Tex. Crim.App.1972) (citing *Gryger v. Burke,* 334 U.S. 728, 68 S.Ct. 1256, 92 L.Ed. 1683 (1948), and *Graham v. West Virginia,* 224 U.S. 616, 32 S.Ct. 583, 56 L.Ed. 917 (1912)).

■ Finally, Alford argues that the evidence does not support suspension of his license. "[C]ourts review administrative license suspension decisions under the substantial evidence standard." *Mireles v. Texas Dep't of Pub. Safety,* 9 S.W.3d 128, 131 (Tex.1999); *see* TEX. TRANSP. CODE § 724.047 ("Chapter 524 governs an appeal from an action of the department, following an administrative hearing under this chapter, in suspending or denying the issuance of a license."); *id.* § 524.043 (establishing rules for appeal but not defining the scope of review); TEX. GOV'T CODE § 2001.174 ("If the law ... does not define the scope of judicial review, a court may not substitute its judgment for the judgment of the state agency on the weight of the evidence on questions committed to agency discretion but ... (2) shall reverse or remand the case for further proceedings if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: ... (E) not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole...."). The record in this case, which we have summarized, fully supports the judge's decision.

■ The court of appeals noted that the administrative law judge had found as fact that Alford "was given the statutory warning prescribed under section '724.000,'" that his conclusion of law was "'[b]ased on the foregoing'" findings, and that the Transportation Code does not contain a section 724.000. 154 S.W.3d at 135 (emphasis omitted). Thus, the court concluded, "the trial court could have concluded that on the face of the record no factual basis existed for the conclusion of law as stated." *Id.* But whether there is substantial evidence to support an administrative decision is a question of law, *Montgomery Indep. Sch. Dist. v. Davis,* 34 S.W.3d 559, 566 (Tex.2000), and on questions of law, neither the trial court nor the administrative law judge is entitled to deference on appeal, e.g., *State v. Heal,* 917 S.W.2d 6, 9 (Tex.1996). Irrespective of the administrative law judge's mistake in referencing the statute, there was substantive evidence to support his findings, which *are* entitled to deference, and his ultimate decision.

Accordingly, we grant the Department's petition for review and without hearing oral argument, TEX.R.APP. P. 59.1, reverse

the court of appeals' judgment and render judgment for the Department.