IN THE SUPREME COURT OF TEXAS






IN THE SUPREME COURT OF TEXAS
 
════════════
No. 05-0164
════════════
 
Texas Department of Public 
Safety, Petitioner,
 
v.
 
Gyles Robert Alford, 
Respondent
 
════════════════════════════════════════════════════
On Petition for Review from the
Court of Appeals for the Tenth District of 
Texas
════════════════════════════════════════════════════
 
 
PER CURIAM
 
 
Respondent 
Gyles Robert Alford held a commercial driver’s license but was driving a 
non-commercial vehicle when he was arrested for driving while intoxicated. He 
refused a breath test, and his license was administratively suspended for two 
years. The trial court reversed the suspension, and a divided court of appeals 
affirmed, holding that no factual basis existed for the suspension. 154 S.W.3d 
133 (Tex. App.—Waco 2004). We disagree. We also hold that a statute allowing 
consideration of prior offenses is not an invalid ex post facto law. 
Accordingly, we reverse the judgment of the court of appeals and render judgment 
in favor of petitioner, the Texas Department of Public Safety.
About 1:25 
a.m., a police officer observed Alford drive a Geo Storm into city-street 
oncoming-traffic lanes twice and then off into a ditch. The officer stopped 
Alford and noticed that his speech was slurred and that he smelled of alcohol. 
When Alford admitted he had been drinking beer and failed three field sobriety 
tests, he was arrested. He refused a breath test after being warned of the 
consequences as required by section 724.015 of the Texas Transportation Code.[1] Because he had had an “alcohol-related 
enforcement contact” (defined in section 524.001(3)) two years earlier, his 
commercial driver’s license was suspended for two years, as mandated by section 
724.035(b) (“The period of suspension or denial is two years if the person’s 
driving record shows one or more alcohol‑related or drug‑related enforcement 
contacts, as defined by Section 524.001(3), during the 10 years preceding the 
date of the person’s arrest.”).
An 
administrative law judge sustained the suspension, and Alford appealed, 
asserting three grounds: (1) although he was told that refusal to give a breath 
sample would result in the suspension of a driver’s license, he should also have 
been warned that his refusal to give a breath sample would result in the 
suspension of his commercial driver’s license with no provision for operating a 
commercial vehicle for occupational purposes; (2) section 724.035(b) is “‘ex 
post facto’ in nature and therefore void” because it requires a longer 
suspension based on occurrences before the statute was enacted; and (3) the 
evidence was insufficient to support the suspension. The trial court reversed 
without giving a reason. The court of appeals affirmed, agreeing with the 
Department on (1) but with Alford on (3), and not reaching (2). 154 S.W.3d at 
134-35.
Section 
522.103 requires an officer to warn a commercial driver of the consequences of 
refusing to give a breath, blood, or urine specimen, but section 522.102(c) 
limits the requirement to a driver stopped while driving a commercial vehicle. 
Otherwise, the only other warning required is prescribed by section 724.015, 
which Alford was given. Therefore, as the court of appeals concluded, Alford’s 
first basis for challenging the suspension is without merit.
The 
suspension of Alford’s license was increased from 180 days to two years because 
of an alcohol-related contact with law enforcement prior to the date that 
section 724.035(b), the statute requiring such enhancement, was enacted. Alford 
cites no authority for his argument that the statute is thus an invalid ex post 
facto law, and we know of none. “It is well settled that a conviction which 
occurred prior to the enactment of a statute providing for increased punishment 
upon a subsequent conviction may be used for enhancement purpose under that 
statute, and that such usage is not unconstitutional as being ex post facto 
application of the statute” under either the United States Constitution or the 
Texas Constitution. Vasquez v. State, 477 S.W.2d 629, 632 (Tex. Crim. 
App. 1972) (citing Gryger v. Burk, 334 U.S. 728 (1948), and Graham v. 
West Virginia, 224 U.S. 616 (1912)).
Finally, 
Alford argues that the evidence does not support suspension of his license. 
“[C]ourts review administrative license suspension decisions under the 
substantial evidence standard.” Mireles v. Texas Dep’t of Pub. Safety, 9 
S.W.3d 128, 131 (Tex. 1999); see Tex. Transp. Code § 724.047 (“Chapter 
524 governs an appeal from an action of the department, following an 
administrative hearing under this chapter, in suspending or denying the issuance 
of a license.”); id. § 524.043 (establishing rules for appeal but 
not defining the scope of review); Tex. 
Gov’t Code § 2001.174 (“If the law . . . does not define the 
scope of judicial review, a court may not substitute its judgment for the 
judgment of the state agency on the weight of the evidence on questions 
committed to agency discretion but . . . (2) shall reverse or remand 
the case for further proceedings if substantial rights of the appellant have 
been prejudiced because the administrative findings, inferences, conclusions, or 
decisions are: . . . (E) not reasonably supported by substantial 
evidence considering the reliable and probative evidence in the record as a 
whole . . . .”). The record in this case, which we have 
summarized, fully supports the judge’s decision.
The court of 
appeals noted that the administrative law judge had found as fact that Alford 
“was given the statutory warning prescribed under section ‘724.000,’” that his 
conclusion of law was “‘[b]ased on the foregoing’” findings, and that the 
Transportation Code does not contain a section 724.000. 154 S.W.3d at 135 
(emphasis omitted). Thus, the court concluded, “the trial court could have 
concluded that on the face of the record no factual basis existed for the 
conclusion of law as stated.” Id. But whether there is substantial 
evidence to support an administrative decision is a question of law, 
Montgomery Indep. Sch. Dist. v. Davis, 34 S.W.3d 559, 566 (Tex. 
2000), and on questions of law, neither the trial court nor the administrative 
law judge is entitled to deference on appeal, e.g., State v. Heal, 917 
S.W.2d 6, 9 (Tex. 1996). Irrespective of the administrative law judge’s mistake 
in referencing the statute, there was substantive evidence to support his 
findings, which are entitled to deference, and his ultimate decision.
Accordingly, 
we grant the Department’s petition for review and without hearing oral argument, 
Tex. R. App. P. 59.1, reverse the 
court of appeals’ judgment and render judgment for the Department.
 
Opinion 
delivered: December 1, 2006






[1] All statutory references are to the Texas 
Transportation Code unless otherwise 
noted.