# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-08-00483-CV

**Texas Property and Casualty Insurance Guaranty Association for Reliance National Insurance Company, an impaired company, Appellant**

**v.**

**Doris J. Toberny, Appellee**

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT
NO. D-1-GN-06-003295, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Texas Property and Casualty Insurance Guaranty Association for Reliance National Insurance Company, an impaired company[1] ("the Company"), filed suit against appellee Doris J. Toberny for judicial review of a decision of the Division of Workers' Compensation of the Texas Department of Insurance ("the Division"). The district court entered a final judgment in favor of Toberny on all issues on which the Company sought judicial review. In four issues on appeal, the Company asserts that (1) the Division's calculation of Toberny's impairment rating is incorrect; (2) Toberny's compensable injuries do not include her pre-existing scoliosis and degenerative

---

[1] For simplicity, we refer to both Reliance National Insurance Company and its receiver and successor in interest, Texas Property and Casualty Insurance Guaranty Association, as "the Company."

disc disease; (3) Toberny was not entitled to supplemental income benefits[2] for the ninth and tenth quarters; and (4) the Company was not obligated to pay Toberny's attorney's fees. We will affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Toberny was employed as an exhibit decorator, setting up and tearing down trade show exhibits. She injured her back on May 10, 2000, when a registration unit fell on her while she was working. She sought care with her company doctor, who recommended therapy. After therapy failed to alleviate her pain, Toberny underwent a nine-level spinal-fusion surgery, performed in two parts, during which her pre-existing scoliosis was corrected. The surgery left her unable to work and partially physically impaired. The Company paid for Toberny's surgery as part of a compensable injury related to her on-the-job injury. However, in December 2001 the Company sent Toberny a notice of refused or disputed claim, asserting that her May 10, 2000 injury was a sprain or strain to her lower back only and was not the producing cause of the diagnosis or treatment of scoliosis. The Company did not pursue its disputed claim at a contested-case hearing in the Division to determine the extent of Toberny's compensable injury at that time.

On June 26, 2002, Toberny visited Dr. Remon A. Fino to have him assess whether she had reached maximum medical improvement[3] ("MMI") and, if so, to have him assign a

---

[2] Supplemental income benefits are paid to injured workers whose other income benefits have run out, who have an impairment rating of 15 percent or greater, and who meet other required statutory criteria. Tex. Lab. Code Ann. § 408.142(a) (West 2006).

[3] A worker reaches maximum medical improvement (1) when her condition stabilizes, (2) even if her condition has not yet stabilized, at two years from the date of her injury, or (3) in the case of a worker who has had spinal surgery and whose condition has not stabilized within two years

whole-body impairment rating.[4]  Dr. Fino examined Toberny, decided that she had reached MMI, and assigned her a 15-percent impairment rating.  On July 17, 2002, the Company timely filed an impairment-rating dispute with the Department to contest Dr. Fino's findings.  In accordance with the procedure for resolving disputed impairment ratings, *see* Tex. Lab. Code Ann. § 401.0041 (West 2006), Toberny was examined by a different physician, Dr. Soignier, who determined she had reached MMI on June 26, 2002 and assigned her a 25-percent impairment rating.  After that designation, the Company paid Toberny supplemental income benefits based on her 25-percent impairment rating for eight quarters, until it later contested the propriety of her impairment rating and began the proceedings that form the basis of this appeal.

On September 22, 2005, the Company filed a request with the Division to hold a benefit-review conference concerning Toberny's injuries.  The Company's request stated that it was "disputing [that] the claimant's current medical condition is related to the compensable lumbar strain," and also stated that it "asserts the continued medical treatment is related to the claimant's pre-existing scoliosis and degenerative disc disease."  The Company sought permission to discontinue providing "medical treatment and/or any indemnity benefits."  On October 4, 2005, the Division denied the Company's request for a review conference, stating: "[I]t is the injured workers' [sic] responsibility to pursue extent of injury issues."

---

from the date of injury, at some later date as decided by the Division pursuant to labor code section 408.104 and the Division's rules.  *Id.* § 401.011(30).

[4]  A doctor assigns an impairment rating pursuant to guidelines specified by statute.  *See Id.* § 408.124.  The rating is given as a percentage of whole-body impairment resulting from a compensable injury.  *Id.* § 401.011(24).

Although it is unclear which party requested the next benefit-review conference, the record indicates that the Division held a conference in the Tyler field office on March 3, 2006 in order "to mediate resolution of disputed issues." The parties were unable to come to an agreement, so the Division held a benefit contested-case hearing on April 25, 2006. After taking evidence, the hearing officer issued a "decision and order" in which he found that the medical evidence was uniform in stating that Toberny's pre-existing scoliosis and degenerative disc disease were not aggravated by her on-the-job injury and that her surgery was done to alleviate problems from pre-existing conditions only. In addition, however, the hearing officer noted that despite having filed its dispute to Toberny's first impairment rating in December of 2001, the Company did not file a dispute to Dr. Soignier's 25-percent impairment rating until September 21, 2005, nearly a year and a half after the first three months of Toberny's supplemental income benefits had been paid. The hearing officer concluded that because the Company did not file a dispute to Toberny's MMI and impairment rating designations before March 3, 2004—the end of the first quarter of supplemental income benefits—it had waived its right to contest her MMI or impairment rating under rule 130.102(g). *See* 28 Tex. Admin. Code § 130.102(g) (2000) (Tex. Div. Workers' Comp., Eligibility for Supplemental Income Benefits, Amount), *recodified at* 28 Tex. Admin. Code § 130.102(h) by 34 Tex. Reg. 2138 (hereinafter "former rule 130.102(g)"). Because the Company had waived its right to contest Toberny's impairment rating, the hearing officer also found that Toberny was entitled to continued supplemental income benefits for the ninth and tenth quarters. The Division accepted the decision and order of the hearing officer and adopted it as a final decision of the agency.

The Company filed suit for judicial review of the Division's final order. The Company filed a motion for summary judgment, and the trial court held a hearing at which the agency record was admitted. The court rendered a judgment affirming the Division's final order. The judgment stated, in pertinent part, that (1) the deadline in former rule 130.102(g) is reasonable and valid; (2) Toberny's compensable injury does not extend to or include her scoliosis and degenerative disc disease; (3) the Company waived the right to contest compensability by failing to contest the impairment rating in the time allowed by former rule 130.102(g); (4) Toberny's impairment rating is 25 percent because of the Company's failure to timely contest the rating; (5) Toberny is entitled to supplemental income benefits for the ninth and tenth compensable quarters; (6) Toberny is entitled to $19,000 in attorney's fees for defending her suit for judicial review in the trial court; and (7) should she be successful in this Court, a reasonable and necessary amount of attorney's fees for her appeal would be $15,000. The Company appeals.

## STANDARD OF REVIEW

This is an appeal from a suit for judicial review of an agency order, which we review under the "substantial evidence" standard. *See* Tex. Lab. Code Ann. § 410.255 (West 2006); Tex. Gov't Code Ann. § 2001.174 (West 2008). We may not substitute our judgment for the judgment of the agency on the weight of the evidence. Tex. Gov't Code Ann. § 2001.174. We may affirm the final order of the agency, but we must reverse or remand the case if the substantial rights of the appellant have been prejudiced because the Division's findings, inferences, conclusions, or decisions: (1) violate a constitutional or statutory provision; (2) exceed the agency's statutory authority; (3) were made through unlawful procedure; (4) were affected by other error of law; (5) are

5

not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole; or (6) are arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. *Id.*

The Division's order is presumed to be valid, so the Company bears the burden of proof to show a lack of substantial evidence to support it. *City of El Paso v. Public Util. Comm'n*, 883 S.W.2d 179, 185 (Tex. 1994). "We review the [agency's] legal conclusions for errors of law and its findings of fact for support by substantial evidence." *Rosenthal v. Railroad Comm'n*, No. 03-09-00015-CV, 2009 Tex. App. LEXIS 6522, at *14 (Tex. App.—Austin Aug. 20, 2009, no pet.) (mem. op.). Substantial evidence need not be overwhelming evidence; rather, the reliable and probative evidence in the record must be such that reasonable minds could have reached the conclusion the agency reached, even if the evidence preponderates against the agency's decision. *Heat Energy Advanced Tech., Inc. v. West Dallas Coal.*, 962 S.W.2d 288, 294-95 (Tex. App.—Austin 1998, pet. denied). "Ultimately we are concerned not with the correctness of the agency's order, but its reasonableness." *Rosenthal*, 2009 Tex. App. LEXIS 6522, at *15-16. Whether the Division's final order was supported by substantial evidence is a question of law; we give no deference to the trial court on questions of law. *Texas Dep't of Pub. Safety v. Alford*, 209 S.W.3d 101, 103 (Tex. 2006).

Insofar as a party claims that an agency acted beyond its statutory authority, our review is de novo. *Guitar Holding Co. v. Hudspeth County Underground Water Conservation Dist. No. 1*, 263 S.W.3d 910, 917 (Tex. 2008). "An agency may adopt only such rules as are authorized by and consistent with its statutory authority." *Pruett v. Harris County Bail Bond Bd.*,

249 S.W.3d 447, 452 (Tex. 2008) (citing *Railroad Comm'n v. Lone Star Gas Co.*, 844 S.W.2d 679, 685 (Tex. 1992)). That authority can be express or implied. *Id.* "In deciding whether a particular administrative agency has exceeded its rule-making powers, the determinative factor is whether the rule's provisions are 'in harmony with the general objectives of the Act involved.'" *Id.* (quoting *Gerst v. Oak Cliff Sav. & Loan Ass'n*, 432 S.W.2d 702, 706 (Tex. 1968)).

## DISCUSSION

In its first issue, the Company asserts three arguments why Toberny's impairment rating is not 25 percent: (1) former rule 130.102(g) is invalid and therefore any impairment rating based on that rule is also invalid; (2) even if former rule 130.102(g) is valid, the Company did not waive its right to challenge Toberny's MMI and impairment rating because there was a "pending dispute" as that term is used in the rule; and (3) the evidence conclusively establishes that the impairment rating was made using non-compensable conditions. We will address each assertion in turn.

### *Validity of Former Rule 130.102(g)*

The Company asserts that former rule 130.102(g) is invalid because it places an additional burden on workers' compensation participants not contemplated by statute. It cites to this Court's opinion in *Fulton v. Associated Indemnity Corp.*, 46 S.W.3d 354 (Tex. App.—Austin 2001, pet. denied), for support. The Company also asserts that "the legislature's creation of a specific standard for impairment rating finality, which omits all other forms of finality, precludes the finality contained in Rule 130.102(g)."

Rule 130.102 concerns the eligibility of workers for supplemental income benefits. Payment of supplemental income benefits is based on a worker's impairment rating, which is assigned after a worker has reached MMI. *See* 28 Tex. Admin. Code § 130.102(b) (2008) (injured employee must have 15-percent or greater impairment rating and meet other requirements to be eligible for supplemental income benefits); 28 Tex. Admin. Code § 130.1(b)-(c) (2008) (Div. of Workers' Comp., Certification of MMI and Eval. of Permanent Impairment) (detailing how to certify MMI and assign impairment rating). Former rule 130.102(g) finalized a worker's MMI date and impairment rating if there was no pending dispute prior to the end of the first quarter of supplemental income benefits. The rule states:

> If there is no pending dispute regarding the date of maximum medical improvement or the impairment rating prior to the expiration of the first quarter, the date of maximum medical improvement and the impairment rating shall be final and binding.

Former rule 130.102(g).

The Company argues that the rule is invalid because it creates a "statute of limitations" for challenging MMI and impairment ratings. It asserts that the rule "preclude[s] a carrier from challenging the relationship of any condition in such an impairment rating after the expiration of the first quarter of [supplemental income benefits]," and therefore improperly places an additional burden on the Company not contemplated by statute, akin to the rule this Court held invalid in *Fulton*.

In *Fulton* this Court invalidated a Division rule that barred a *worker's* right to bring a challenge to his impairment rating after 90 days from the date the impairment rating was assigned.

8

Citing to the supreme court's decision in *Rodriguez v. Service Lloyds Insurance Co.*, 997 S.W.2d 248 (Tex. 1999), we discussed, as an initial matter, the proposition that MMI and impairment ratings are inextricably linked, and that making a rule that limits a worker from contesting his impairment rating has the practical effect of limiting his rights to contest the date his MMI became final. *Fulton*, 46 S.W.3d at 371. This connection was important to our holding because the supreme court had previously upheld the Workers' Compensation Act's use of MMI, which by statute must be finally determined no more than two years after a worker's injury, as a constitutionally adequate substitute for workers' negligence remedies. *See Texas Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 525 (Tex. 1995). Until he has reached MMI, a worker may be entitled to temporary income benefits, which the supreme court in *Garcia* called a "major benefit." *Id.* The court in *Garcia* said that restricting temporary income benefits to a maximum of two years, which the Act does by deeming a worker to have reached MMI upon the expiration of two years regardless of his actual condition, was only justified by medical testimony that indicated the vast majority of workers' conditions stabilize within two years. *Id.* We reasoned in *Fulton* that if a rule cuts off temporary income benefits before the worker's condition has had two years to stabilize, that rule "might be deemed arbitrary and might call into question the adequacy of the entire statutory quid pro quo approved in *Garcia*." *Fulton*, 46 S.W.3d at 370. We held that the rule in *Fulton* was "arbitrary and invalid because it impermissibly shorten[ed] the statutory time period allotted to an injured worker to achieve MMI." *Id.* at 372.

Central to our holding were two tenets of construction relevant to the Workers' Compensation Act. First, we liberally construe the Act to effectuate its purpose of compensating

9

injured workers and their families. *Id.* at 370 (citing *Albertson's Inc. v. Sinclair*, 984 S.W.2d 958, 961 (Tex. 1999)). Second, "[a]n agency may not supply by implication restrictions on an *employee's* rights that are not found in the plain language of the Act." *Id.* (citing *Kroger Co. v. Keng*, 23 S.W.3d 347, 349 (Tex. 2000)) (emphasis added).

The reasoning that underpins *Fulton* does not avail the Company in this case. As noted above, "[i]n deciding whether a particular administrative agency has exceeded its rule-making powers, the determinative factor is whether the rule's provisions are 'in harmony with the general objectives of the Act involved.'" *Pruett*, 249 S.W.3d at 452 (quoting *Gerst*, 432 S.W.2d at 706). Former rule 130.102(g), as applied in this case to bar the Company from contesting Toberny's MMI and impairment rating long after they were determined, is in harmony with the objectives of the Act. It provides finality for an injured worker, helping to compensate the worker and her family for on-the-job injuries. It is also consistent with the broad rule-making authority granted to the Division by statute. *See* Tex. Lab. Code Ann. § 402.061 (West 2006). The question of whether the rule supplies by implication any impermissible restrictions on an *employee's* rights not contemplated by statute is not before us. With respect to the circumstances presented by this case, *Fulton* does not compel the rule's nullification.

The Company urges us to hold former rule 130.102(g)—now current rule 130.102(h)—invalid because the legislature enacted a statute specifically addressing the finality of impairment ratings. *See* Act of June 20, 2003, 78th Leg., R.S., ch. 1190, § 1, 2003 Tex. Gen. Laws 3397, 3397-98 (codified at Tex. Lab. Code Ann. § 408.123(d)-(g) (West 2006)). Since the legislature has specifically addressed finality of impairment ratings in a statute, the Company asserts

that former rule 130.102(g), which ties finality to the receipt of supplemental income benefits, is incompatible with the statute and cites *Mid-Century Insurance Co. v. Kidd*, 997 S.W.2d 265, 273 (Tex. 1999) (explaining doctrine that legislature's expression of one thing means its exclusion of all others). We express no opinion as to the applicability of that doctrine in this situation because labor code section 408.123 does not apply to this case. The 2003 amendment of the labor code provides that "[t]he change in law made by this Act by amendment"—adding the sections to which the Company cites—"applies only to a certification of maximum medical improvement and assignment of an impairment rating that is made on or after the effective date [June 20, 2003] of this Act." *Id.* § 2. Both of Toberny's MMI and impairment-rating designations were made in 2002. Since the statute does not apply to this case, we need not address whether the rule is in conflict with it.[5]

### Pending Dispute

Having found the rule valid in this case, we next address the Company's assertion that it had a "pending dispute" within the meaning of the rule and therefore has not waived its right to contest Toberny's impairment rating. As noted above, on July 17, 2002, the Company disputed

---

[5] In its post-submission brief, the Company cites to the supreme court's recent decision in *State Office of Risk Management v. Lawton*, No. 08-0363, 2009 Tex. LEXIS 629 (Tex. Aug. 28, 2009), for the proposition that the carrier's ability to contest the *extent* of a worker's injury is not affected by the labor code's provision requiring the carrier to contest the compensability of that injury as a whole within 60 days. The supreme court held that the labor code does not set a deadline for contesting the extent of injury. The only deadline for that contest comes from a Division rule. *Id.* at *3. Insofar as *Lawton* provides an example of a Division rule that was upheld by the supreme court even though it imposes a burden on the carrier not found in the labor code, it actually undermines the Company's argument that former rule 130.102(g) is invalid in this case. We note that the issue of extent of injury, as raised in *Lawton*, is not at issue in this appeal. We do not speculate as to whether *Lawton* permits the Company to contest Toberny's *future* medical bills based on extent of injury.

11

Toberny's first impairment rating, which led to the Division's designation of another doctor, a second exam, and a new impairment rating. The Company asserts that its original dispute is still pending and has been pending ever since 2002 because "[t]he passage of time does not negate the pending nature of a dispute," despite the fact that the Company did nothing else to dispute Toberny's second impairment rating until September 22, 2005—more than three years after it filed its first objection to her impairment rating. The Company suggests that the original dispute was not resolved by the designation of a doctor and that doctor's subsequent determination of an MMI date and impairment rating, but remains "pending" indefinitely until formally and finally decided by, we assume, either the Division or the courts. The Company cites to several Division appeals panel decisions for support of its argument. We note that decisions of the Division's appeals panel in other cases, of course, are not binding on this Court. However, because the Company cites to them extensively as persuasive authority, we will summarize the most persuasive holdings in brief.

In several panel decisions cited by the Company, the panel found that a company's first contest to an impairment rating continued to be a "pending dispute" within the meaning of former rule 130.102(g) even after a designated doctor rendered his or her report. In most of those cases, the panel noted there was affirmative evidence of a continued dispute before the expiration of the first quarter of supplemental income benefits, such as notes in the file, phone-call records, or letters from the worker or the carrier stating that there was a continued dispute. No such evidence exists in the present case. The Company cites another panel decision for the proposition that the passage of time does not end a dispute; it remains pending until finally decided, we assume, by the

12

Division. That decision's posture was from a contest brought by a worker and relies on this Court's holding in *Fulton*, discussed above. It is therefore not applicable to this case.

The Company presented no affirmative evidence to the Division that there was a pending dispute between Toberny and the Company regarding her MMI or impairment rating between the time of the Company's first impairment-rating dispute in 2002 and the expiration of the first quarter of Toberny's supplemental income benefits more than two years later. The Division did not err by deciding that there was no pending dispute within the meaning of former rule 130.102(g).[6]

### Other Arguments Fail Due to Waiver

The Company next asserts that Toberny's impairment rating is not 25 percent because a worker's impairment rating must be based on compensable medical conditions, and there is conclusive evidence that her impairment rating was based only on non-compensable conditions. The Company asks us to declare that "there is no valid impairment rating from which to decide the impairment rating issue" and to remand this portion of the case to the Division for a new dispute-resolution process. Because former rule 130.102(g) is valid, and because the Company did

---

[6] In its post-submission brief, the Company cites labor code section 408.125(c) as support for its contention that a dispute over an impairment rating stays "pending" forever until decided by the Division. *See* Tex. Lab. Code Ann. § 408.125(c) (West 2006). Section 408.125(c) gives presumptive weight to the findings of a designated doctor and instructs the Division to adopt that doctor's impairment rating unless the preponderance of the evidence weighs against his or her rating. This subsection does not conflict with the Division's holding that there was no pending dispute in this case. The Division may assume that a carrier's lack of diligence in pursuing a dispute means that a formal dispute no longer exists. Given the lack of evidence in the Division record of the continued existence of such a dispute, it was not error for the Division to infer from the totality of circumstances that there was no "pending dispute" in this case.

13

not have a "pending dispute" within the meaning of the rule, the Division did not err in holding that the Company had waived its rights to contest this issue. We overrule the Company's first issue.

In its second issue, the Company claims that the "compensable injury does not extend to and include the diagnosed conditions of scoliosis and degenerative disc disease of the lumbar and thoracic spine," and therefore the evidence is legally and factually insufficient to support the district court's judgment. The Company notes that expert-witness testimony is needed to establish causation as to medical conditions outside the knowledge of normal individuals. We note first that this appeal is from a suit for judicial review in the district court, which evaluated the case under the substantial-evidence standard of review. We therefore assume that the Company is alleging that the Division's findings were made without substantial evidence. However, we need not reach this issue because former rule 130.102(g) bars the Company from contesting Toberny's impairment rating, regardless of whether the rating is supported by substantial evidence. We overrule the Company's second issue.

In its third and fourth issues, the Company claims that Toberny is not entitled to supplemental income benefits for the ninth and tenth quarters and that she is not entitled to attorney's fees for defending the Company's suit against her in district court and its appeal in this Court. Supplemental income benefits are payable to injured workers whose impairment ratings are 15 percent or greater from a compensable injury. *See* Tex. Lab. Code Ann. § 408.142(a) (West 2006). For the reasons stated above, we affirm the Division's determination that Toberny's impairment rating is 25 percent; therefore, the Company's third issue is overruled. Attorney's fees are awarded to a claimant when an insurance carrier appeals a decision of the Division and the

14

claimant "prevails on an issue on which judicial review is sought by the insurance carrier in accordance with the limitation of issues contained in Section 410.302." *Id.* § 408.221(c). Since Toberny is the prevailing party in both her suit for judicial review and this appeal, the Company is required to pay her reasonable and necessary attorney's fees.[7] We overrule the Company's fourth issue.

## CONCLUSION

Having overruled the Company's four issues on appeal, we affirm the judgment of the trial court.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Waldrop and Henson

Affirmed

Filed: December 9, 2009

---

[7] The Company does not contest the amount of attorney's fees awarded by the trial court.