

# NUMBER 13-14-00114-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**TEXAS DEPARTMENT OF PUBLIC SAFETY,**            **Appellant,**

**v.**

**SERGIO ROBERTO NARVAEZ,**            **Appellee.**

## On appeal from the County Court at Law No. 5 of Hidalgo County, Texas.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Perkes
### Memorandum Opinion by Justice Rodriguez

Appellant Texas Department of Public Safety (the Department) appeals the county court at law's reversal of the decision of an administrative law judge (ALJ) that permitted the Department's suspension of appellee Sergio Roberto Narvaez's driver's license pursuant to chapter 724 of the Texas Transportation Code. *See* TEX. TRANSP. CODE ANN.

§§ 724.013–.048 (West, Westlaw through 2013 3d C.S.) (governing license suspension in cases where the arrested individual refuses to provide a breath specimen for testing). By a single issue, the Department contends that the county court at law erred by reversing Narvaez's driver's license suspension because the ALJ's decision was based on substantial evidence.[1] *See id.* § 724.042; *see also id.* §§ 724.031–.032. We reverse the county court at law's judgment and render judgment reinstating the administrative decision.

## I. BACKGROUND[2]

### A. Narvaez's Arrest

On May 9, 2013, Corporal Daniel Longoria stopped Narvaez for speeding. Corporal Longoria noticed Narvaez had red, glassy eyes, and Narvaez admitted he had been drinking alcohol. Corporal Longoria administered field sobriety tests to Narvaez. Those tests led Corporal Longoria to believe Narvaez was intoxicated. Corporal Longoria placed Narvaez under arrest for driving while intoxicated (DWI), read the statutory warnings to Narvaez, and requested that Narvaez provide a breath specimen. Narvaez refused the request.

---

[1] On June 4, 2014, this Court granted Narvaez's retained counsel's motion to withdraw. Counsel advised us that he informed Narvaez of his withdrawal. He also told Narvaez that we ordered Narvaez to notify us promptly if he retained new counsel and to file his brief on or before July 7, 2014. Narvaez has not notified us that he has retained new counsel, and he has not filed an appellee's brief to assist us in the resolution of this matter.

[2] Because Narvaez did not file a brief and controvert the facts set out in the Department's statement of facts, we accept the Department's record-referenced statement as true. *See* TEX. R. APP. P. 38.1(g) ("The brief must state concisely and without argument the facts pertinent to the issues or points presented. In a civil case, the court will accept as true the facts stated unless another party contradicts them. The statement must be supported by record references.").

**B.     The Administrative Hearing**

Narvaez requested a hearing to contest the suspension of his driver's license for refusing the breath test.   At the hearing before the State Office of Administrative Hearings, Narvaez called Corporal Longoria as a witness.   Narvaez also testified at the hearing.   The ALJ admitted, over Narvaez's hearsay objection, the Department's exhibit marked DPS-1.   Exhibit DPS-1 included Corporal Longoria's sworn police report and its incorporated documents—Narvaez's offense report (THP-1), his notice of suspension temporary driving permit (DIC-25), and his statutory warning (DIC-24), all of which were signed by Corporal Longoria.

After the hearing concluded, the ALJ sustained the suspension of Narvaez's driver license and issued the following findings of fact:

1.  On May 9, 2013, reasonable suspicion to stop the Defendant existed, in that a Texas peace officer within his jurisdiction observed the Defendant operating a motor vehicle in a public place in Texas.   The officer observed the Defendant drive over the posted speed limit (45 mph in a 30 mph zone).

2.  On the same date, probable cause to arrest the Defendant existed; in that probable cause existed to believe that Defendant was operating a motor vehicle in a public place while intoxicated, because in addition to the facts in No. 1, a Texas peace officer observed the Defendant had a strong odor of alcohol, and red, glassy eyes.   The Defendant displayed 6 of 6 clues of intoxication on the HGN test.   The Defendant displayed additional clues of intoxication, including unsteady balance of the Walk and Turn and One Leg Stand tasks.   The Defendant admitted drinking 3 beers and 2 shots.

3.  Defendant was placed under arrest and was properly asked to submit a specimen of breath.

4.   After being requested to submit a specimen of breath, Defendant refused.

3

Based on the findings, the ALJ concluded that "the Department proved the issues set out in Tex. Transp. Code Ann. § 724.042 and that Defendant's license is subject to a suspension for **180 days** pursuant to Tex. Trans. Code Ann. § 724.035."  (Emphasis in original.)

## C.      Review by the County Court at Law

Narvaez appealed the administrative decision to the Hidalgo County Court at Law No. 5.   In his petition of appeal from his driver's license suspension, Narvaez asserted the following:   (1) there was not reasonable suspicion to stop Narvaez for speeding; (2) there was not probable cause for his DWI arrest; (3) Corporal Longoria failed to warn him of the his right to refuse the breath test and of the consequences; (4) the evidence of his breath test refusal was illegally derived in violation of his state and federal constitutional rights; (5) the Department failed to comply with section 724 of the Texas Transportation Code; (6) the findings, inferences, and decisions were not reasonably supported by substantial evidence; and (7) the findings, inferences, and decisions were arbitrary and capricious.   After the hearing, where Narvaez's counsel and the Department's counsel presented arguments, the county court at law reversed the administrative decision.   The Department appeals from that order.

## II.  STANDARD OF REVIEW

Whether in the trial court or on appeal, courts reviewing an ALJ's decision on a driver's license suspension apply the substantial evidence standard.   *Mireles v. Tex. Dep't. of Pub. Safety*, 9 S.W.3d 128, 131 (Tex. 1999) (per curiam); *see* TEX. GOV'T CODE ANN. § 2001.174 (West, Westlaw through 2013 3d C.S.) (setting out the standard of

4

review under the substantial evidence rule)[3]; *see also McKinley Iron Works, Inc. v. Tex. Employment Comm'n,* 917 S.W.2d 468, 470 (Tex. App.—Fort Worth 1996, no writ) ("'Substantial evidence' means that, upon the evidence as a whole, reasonable minds could have reached the same conclusion the agency reached."). We review the trial court's substantial evidence review de novo. *See Tex. Dep't. of Pub. Safety v. Alford*, 209 S.W.3d 101, 103 (Tex. 2006) (per curiam) (noting that an ALJ's findings are entitled to deference but that "whether there is substantial evidence to support an administrative decision is a question of law," and as such, neither a trial court nor an ALJ's determination of this issue is entitled to deference on appeal); *see also Tex. Dep't of Pub. Safety v. Gaspar*, No. 13-12-00210-CV, 2013 WL 123701, at *2 (Tex. App.—Corpus Christi Jan. 10, 2013, no pet.) (mem. op.).

Yet, as with the trial court, we may not substitute our judgment for the ALJ's judgment. *Mireles*, 9 S.W.3d at 131; *see* TEX. GOV'T CODE ANN. § 2001.174. We do not determine whether the ALJ's decision was correct, but rather whether the record

---

[3] Section 2001.174 of the Texas Government Code provides the following, in relevant part:

If the law authorizes review of a decision in a contested case under the substantial evidence rule . . . , a court may not substitute its judgment for the judgment of the state agency on the weight of the evidence on questions committed to agency discretion but:

(1)    may "affirm the agency decision in whole or in part" and

(2)    [S]hall reverse or remand the case for further proceedings if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

. . . .

    (E)    not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole . . . .

TEX. GOV'T CODE ANN. § 2001.174 (West, Westlaw through 2013 3d C.S.).

"demonstrates some reasonable basis" for the ALJ's determination. *Mireles*, 9 S.W.3d at 131. In contested cases, if there is more than a scintilla of evidence to support the administrative findings, we must affirm those findings; "[i]n fact, an administrative decision may be sustained even if the evidence preponderates against it." *Id.* We may reverse an ALJ's decision if an appellant's substantial rights have been prejudiced because the ALJ's findings, inferences, conclusions, or decisions are "not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole." TEX. GOV'T CODE ANN. § 2001.174(2)(E). "The findings, inferences, conclusions, and decisions of an administrative agency are presumed to be supported by substantial evidence, and the burden is on the contestant to prove otherwise." *City of El Paso v. Pub. Util. Comm'n of Tex.*, 883 S.W.2d 179, 185 (Tex. 1994).

### III. APPLICABLE LAW

#### A. Statutory Warnings

Relevant to this case, before requesting a specimen, the officer shall inform the person orally and in writing that "if the person refuses to submit to the taking of the specimen, the person's license to operate a motor vehicle will be automatically suspended, whether or not the person is subsequently prosecuted as a result of the arrest, for not less than 180 days." TEX. TRANSP. CODE ANN. § 724.015(2); *see id.* § 724.035(a)(1) (providing that the Department shall suspend the person's license to operate a motor vehicle on a public highway for 180 days if the person refuses to submit to the taking of a specimen).

6

**B.    Refusal to Provide Specimen**

If requested, "a specimen may not be taken if a person refuses to submit to the taking of a specimen designated by a peace officer." *Id.* § 724.013.

**C.    Documented Refusal**

If a person refuses the request of a peace officer to submit to the taking of a specimen, the peace officer shall request the person to sign a statement that:

(1)    the officer requested that the person submit to the taking of a specimen;

(2)    the person was informed of the consequences of not submitting to the taking of a specimen; and

(3)    the person refused to submit to the taking of a specimen.

*Id.* § 724.031.    In addition, when a person refuses to submit to the taking of a breath specimen, the officer shall, among other things, make a written report of the refusal. *Id.* § 724.032(a)(4).    The report must contain, in relevant part, a copy of the refusal statement requested under section 724.031 or a statement signed by the officer that the person refused to submit to the taking of the requested specimen and refused to sign the requested statement under section 724.031. *Id.* § 724.032(b)(2).

**D.    Administrative Hearing**

If a person's license is suspended under this chapter, that person may request a hearing on the suspension. *Id.* § 724.041.    At the hearing, the relevant issues are whether:

(1)    reasonable suspicion or probable cause existed to stop or arrest the person;

7

(2)  probable cause existed to believe that the person was:

    (A)  operating a motor vehicle in a public place while intoxicated;

    . . . .

(3)  the person was placed under arrest by the officer and was requested to submit to the taking of a specimen; and

(4)  the person refused to submit to the taking of a specimen on request of the officer.

*Id.* § 724.042.

## IV.  DISCUSSION

By its sole issue, the Department contends that the county court at law erred by reversing the ALJ's decision because substantial evidence supported the ALJ's findings of reasonable suspicion for the stop, probable cause for the arrest, and Narvaez's refusal to provide a breath specimen after being warned of the consequences.   *See id.*; *see also id.* §§ 724.031–.032.   We agree.

### A.  Reasonable Suspicion to Stop Narvaez for Speeding

Corporal Longoria testified at the administrative hearing that he stopped Narvaez for speeding.   *See id.* § 545.351(a), (c)(2) (West, Westlaw through 2013 3d C.S.); *id.* § 545.352(a) (West, Westlaw through 2013 3d C.S.).   According to Corporal Longoria's offense report, Narvaez's vehicle appeared to be "driving faster than the 30 mph posted speed limit."   This evidence is sufficient to establish reasonable suspicion for the stop. *See Dillard v. State*, 550 S.W.2d 45, 53 (Tex. Crim. App. 1977) (op. on reh'g) (holding that the officer had reasonable suspicion to believe the defendant was speeding based on the officer's testimony that the defendant "seemed to be traveling at an exceptionally

8

high rate of speed, for that particular intersection"); *McAfee v. State*, 204 S.W.3d 868, 870 (Tex. App.—Corpus Christi 2006, pet. ref'd) (en banc) (holding that the officer's visual observation provided reasonable suspicion to believe the defendant was speeding without pacing the defendant's vehicle).

In addition, Corporal Longoria testified that, after he observed the vehicle speeding, he clocked Narvaez with his radar. According to the radar reading, Narvaez was going 45 miles an hour, which confirmed Corporal Longoria's observation. *See Gutierrez v. State*, 327 S.W.3d 257, 263 (Tex. App.—San Antonio 2010, no pet.) ("[T]he radar reading merely confirmed Officer Lewis's initial observation that Gutierrez appeared to be traveling faster than the posted speed limit. This evidence is sufficient to support a finding that Officer Lewis had reasonable suspicion that Gutierrez was speeding."); *Icke v. State*, 36 S.W.3d 913, 915–16 (Tex. App.—Houston [1st Dist.] 2001, pet. ref'd) (holding that the officer had reasonable suspicion to believe the defendant was speeding based on visual observation and radar, either independently of each other or considered in conjunction).

Corporal Longoria's visual observation and the radar reading, whether considered independently or in conjunction with each other, constituted sufficient evident to support the ALJ's finding that "reasonable suspicion to stop [Narvaez] existed." Nonetheless, we note that Narvaez testified that he "was probably under the speed limit." He explained that there was a curve in the road as he drove from the club—the Boom Boom Lounge— and he did not "believe it's enough distance for [him] to gain that much speed." Corporal Longoria similarly testified that there was a curve in the road about a quarter of a mile

9

from the club. But Corporal Longoria testified that he had calibrated his radar and that he did not clock Narvaez on radar until Narvaez "got off the curve and . . . straightened out."

"[B]ecause trial courts can view a witness's demeanor, they are given great latitude in believing or disbelieving a witness's testimony, particularly when the witness is interested in the outcome." *In re Doe 4*, 19 S.W.3d 322, 325 (Tex. 2000). The ALJ is the sole judge of the credibility of the witnesses and is free to accept the testimony of any witness or even accept "part of the testimony of one witness and disregard the remainder." *Ford Motor Co. v. Motor Vehicle Bd. of Tex. Dep't. of Transp.*, 21 S.W.3d 744, 757 (Tex. App.—Austin 2000, pet. denied).

In this case, the ALJ had the opportunity to observe the testimony and demeanor of both Corporal Longoria and Narvaez and was in a better position to judge the credibility of each witness. The ALJ believed Corporal Longoria's testimony over Narvaez's testimony and wrote in her administrative decision, "The officer observed the Defendant drive over the posted speed limit (45 mph in a 30 mph zone)." If the county court at law reweighed the evidence and reversed the administrative decision on the ground that there was not reasonable suspicion for the stop, it erred in doing so. *See Tex. Dep't of Pub. Safety v. Scanio*, 159 S.W.3d 712, 715 (Tex. App.—Corpus Christi 2004, pet. denied) ("Under a substantial-evidence review, the reviewing court cannot substitute its judgment for that of the ALJ and must affirm the ALJ's decision if it is supported by more than a scintilla of evidence."). We conclude that substantial evidence supported the ALJ's reasonable-suspicion determination. *See Mireles*, 9 S.W.3d at 131.

10

**B.     Probable Cause to Believe Narvaez Was Driving While Intoxicated**

Corporal Longoria testified that after stopping Narvaez for speeding, he noticed Narvaez had red, glassy eyes and that there was an odor of an alcoholic beverage coming from within the vehicle.   *See Tex. Dep't of Pub. Safety v. Gilfeather*, 293 S.W.3d 875, 880 (Tex. App.—Fort Worth 2009, no pet.) (op. on reh'g) (en banc) ("Speeding can indicate impaired mental judgment and, therefore, is a factor to be considered as part of the totality of the circumstances."); *Kirsch v. State*, 276 S.W.3d 579, 584 (Tex. App.— Houston [1st Dist.] 2008), *aff'd*, 306 S.W.3d 738 (Tex. Crim. App. 2010) ("Appellant's excessive speed, nearing 70 m.p.h. on the feeder road, also indicates impaired judgment.").    According to Corporal Longoria's offense report, Narvaez informed Corporal Longoria that he had come from the Boom Boom Lounge and had consumed three beers.   At the hearing, Corporal Longoria testified that Narvaez said he had two to three beers.[4]

Corporal Longoria testified that he administered field sobriety tests to Narvaez. According to his report, on the horizontal gaze nystagmus (HGN) test, Narvaez displayed six of six possible indicators of intoxication.   *See Emerson v. State*, 880 S.W.2d 759, 764–67 (Tex. Crim. App. 1994) (en banc) (discussing the HGN test); *Lewis v. State*, 933 S.W.2d 172, 181 (Tex. App.—Corpus Christi 1996, pet. ref'd) (holding the officer's HGN testimony was "the most accurate indicator of the appellant's intoxication available, since appellant did not take an intoxilizer [sic] breath test").   Corporal Longoria reported that

---

[4] Later at the hearing, Narvaez testified that because he was nervous that night, he did tell Corporal Longoria that he had three shots of alcohol in addition to the beer.   According to his testimony at the hearing, Narvaez explained that he only bought the shots; two women at the table took them when he put them down.

while conducting the HGN test, he noticed a strong odor of an alcoholic beverage coming from Narvaez's breath and body. *See Cotton v. State*, 686 S.W.2d 140, 143 (Tex. Crim. App. 1985) (en banc) (listing the odor of alcohol coming from the body and breath as evidence of intoxication).

Corporal Longoria administered the walk-and-turn and one-leg-stand tests to Narvaez. On the walk-and-turn test, Narvaez exhibited five of eight possible indicators of intoxication, and on the one-leg-stand, he exhibited three of four possible indicators of intoxication. At the administrative hearing, Corporal Longoria testified that the results of the field sobriety tests supported Narvaez's arrest. *See Kirsch v. State*, 306 S.W.3d 738, 745 (Tex. Crim. App. 2010) (listing "inability to perform field sobriety tests" among "evidence that would logically raise an inference that the defendant was intoxicated"); *Hartman v. State*, 198 S.W.3d 829, 839 (Tex. App.—Corpus Christi 2006, pet. struck) ("Satisfactory performance of the [field sobriety] tests suggests sobriety, while poor performance can serve as a useful indicator of impairment.").

According to Corporal Longoria, he then asked Narvaez to provide a specimen on a portable breath test (PBT). *See Fernandez v. State*, 915 S.W.2d 572, 576 (Tex. App.—San Antonio 1996, no pet.) (holding a PBT admissible "as another indicator of intoxication relied on by the officer, much like the other field sobriety tests."); *see also Tex. Dep't of Pub. Safety v. Garza*, No. 13-10-00330-CV, 2010 WL 4901406, at *6 (Tex. App.—Corpus Christi Dec. 2, 2010, no pet.) (mem. op.) (including PBT results as a factor in the "totality of the circumstances" evaluation of probable cause). Narvaez refused to provide a sample. *See Bartlett v. State*, 270 S.W.3d 147, 153 (Tex. Crim. App. 2008) (holding that

appellant's refusal to submit to a breath test is relevant because it shows a consciousness of guilt). Finally, Corporal Longoria reported that, "[b]ased on Narvaez'[s] driving, his poor performance on the [Standard Field Sobriety Tests], his smell and appearance[,] . . . Narvaez did not have the normal use of his mental and physical faculties, due to the introduction of alcohol into the body while operating a motor vehicle on a public roadway."

Based on the totality of the circumstances, we conclude that there is substantial evidence to support the ALJ's finding that there was probable cause to believe Narvaez was driving while intoxicated. *See Mireles*, 9 S.W.3d at 131. The county court at law erred in determining otherwise.

**C.    Warnings Given About Right to Refuse a Breath Test and the Consequences of Refusing a Breath Test**

Corporal Longoria testified that he warned Narvaez twice of his right to refuse a breath test and of the consequences of refusing a breath test. *See* TEX. TRANSP. CODE ANN. §§ 724.013, 724.015. Corporal Longoria read the warning to Narvaez—a verbal Form DIC-24 warning—in his patrol car. *See id.* § 724.015. Corporal Longoria explained that he did not ask Narvaez to sign anything in the patrol car because Narvaez was handcuffed at the time. Corporal Longoria testified that the warnings—the written DIC-24 statutory warnings—were given to Narvaez at the jail. *See id.*

Corporal Longoria certified in his report that he provided the warnings, specifically "if [Narvaez] refuse[d] to give the specimen, . . . [his] license, permit or privilege to operate a motor vehicle will be suspended or denied for not less than 180 days, whether or not [he is] subsequently prosecuted for this offense," to Narvaez. *See id.* §§ 724.015,

13

724.032. He provided the warnings both orally and in writing. *See id.* § 724.015. Corporal Longoria also checked a box on the written DIC-24 statutory warning form indicating that after he requested a breath specimen, Narvaez refused to allow the taking of the specimen and refused to sign the form as requested by the officer. *See id.* § 724.032(b)*.*

Yet at the hearing, Narvaez testified that he did not recall being warned of the consequences of refusing the breath test. He also testified that if he had been warned that he would lose his license for refusing the breath test, he would have taken the test. However, on cross-examination, Narvaez admitted it was possible that Corporal Longoria read the warnings to him.

As with the conflicting testimony about Narvaez's speed, the ALJ once again disbelieved Narvaez's testimony and believed Corporal Longoria's testimony. This is evidenced by her finding that Corporal Longoria complied with the statute when Narvaez was "properly asked to submit a specimen of breath." *See Ford Motor Co.*, 21 S.W.3d at 757.

Narvaez appealed the ALJ's compliance finding that he was given the statutory warnings. He invited the county court at law to reweigh the evidence, arguing that Corporal Longoria's certification that Narvaez refused to sign the DIC-24 statutory warning form was actually evidence that Narvaez never received the warnings. The county court at law expressed concern about whether Narvaez was warned of the consequences of refusing the breath test. And in order to reach the conclusion that it did, the county court at law must have, in error, substituted its judgment for that of the

14

ALJ with regard to the credibility of the witnesses and the weight of the evidence. *See id.; Tex. Dep't of Pub. Safety v. Vasquez*, 225 S.W.3d 47, 54–55 (Tex. App.—El Paso 2005, no pet.).

Giving great latitude to the ALJ as sole judge of the credibility of the witnesses, *see In re Doe 4*, 19 S.W.3d at 325; *Ford Motor Co.*, 21 S.W.3d at 757, yet reviewing the record de novo, *see Alford*, 209 S.W.3d at 103, we conclude that the record "demonstrates some reasonable basis" for the ALJ's determination that Narvaez was "properly asked to submit a specimen of breath." *See Mireles*, 9 S.W.3d at 131. So we conclude that substantial evidence supported this finding. *See id.*

**D.  Narvaez's Refusal to Provide a Specimen**

After receiving the statutory warnings orally in the patrol unit, Narvaez informed Corporal Longoria that he would not take the breath test. At the jail, Narvaez reaffirmed his earlier decision not to provide a breath specimen. Based on this evidence, the ALJ made an affirmative finding on the fourth element of the Department's case—that Narvaez refused Corporal Longoria's proper request for a breath specimen.

At the administrative hearing and on appeal to the county court at law, Narvaez did not contest the fact that he refused the test. Instead, he argued that his refusal was invalid because he was not warned of the consequences. Substantial evidence supports the ALJ's affirmative finding on this issue, and the county court at law erred if it reversed the administrative decision on the ground that Narvaez did not refuse to provide a specimen.

15

**E.      No Other Basis for Reversing the Administrative Decision**

As concluded above, substantial evidence supported each of the administrative findings required to sustain the suspension of Narvaez's driver license.   *See* TEX. TRANSP. CODE ANN. § 724.042.   And as discussed below, if the county court at law reversed the administrative decision for any other reason, it erred in doing so.

The only objection raised by Narvaez at the administrative hearing was a hearsay objection to Corporal Longoria's report.   However, as this Court set out in *Texas Department of Public Safety v. Struve*, a peace officer's report is admissible as an exception to hearsay in an ALR hearing.   79 S.W.3d 796, 803–04 (Tex. App.—Corpus Christi 2002, pet. denied); *see* TEX. R. EVID. 803(8)(C) (providing that "records, reports, statements, or data compilations, in any form, of public offices or agencies setting forth . . . in civil cases as to any party and in criminal cases as against the state, factual findings resulting from an investigation made pursuant to authority granted by law" are not excluded by the hearsay rule); *Tex. Dep't of Pub. Safety v. Caruana*, 363 S.W.3d 558, 563–65 (Tex. 2012) (holding that unsworn police reports are admissible in ALR hearings under rule 803(8)); *see also* 1 TEX. ADMIN. CODE § 159.211(b), (c)(2) (2014) (State Office of Admin. Hearings, Administrative License Suspension Hearings Procedures) (providing "[p]ursuant to Texas Government Code § 2001.081, the rules of evidence as applied in a non-jury civil case in a district court of this state shall apply in ALR proceedings" and "[a]n officer's sworn report of relevant information shall be admissible as a public record").   The ALJ properly overruled Narvaez's hearsay objection and admitted the report.   If the

16

county court at law reversed the administrative decision based on Narvaez's hearsay objection at the administrative hearing, it erred in doing so.

At Narvaez's hearing before the county court at law, the judge also questioned the impact of the dismissal of the criminal case against Narvaez.[5]  However, both Narvaez and the Department correctly informed the county court at law that, by statute, the dismissal of the criminal case had no effect on the administrative suspension of Narvaez's driver license.  *See* TEX. TRANSP. CODE ANN. § 724.048(c); *Tex. Dep't of Pub. Safety v. Norrell*, 968 S.W.2d 16, 19–20 (Tex. App.—Corpus Christi 1998, no pet.).  So the county court at law erred if it reversed the administrative suspension based on the dismissal of Narvaez's criminal case.  And having concluded that substantial evidence supported the ALJ's decision and that the record does not support any other basis, we cannot conclude that the findings, inferences, and decisions were arbitrary and capricious, as Narvaez asserted in his petition.  *See Hinkley v. Tex. State Bd. of Med. Exam'rs*, 140 S.W.3d 737, 743 (Tex. App.—Austin 2004, pet. denied) (providing that an agency's decision is not generally arbitrary or capricious if it is supported by substantial evidence).

**F.    Summary**

Based on the above, we conclude that the county court at law erred when it reversed Narvaez's driver's license suspension because the ALJ's determination that "[t]he Department is authorized to suspend or deny [Narvaez's] driving privileges for [180

---

[5] It is undisputed that the criminal case against Narvaez was dismissed on a motion to suppress because the officer did not appear at the hearing.

17

days]" is reasonably supported by substantial evidence. We sustain the Department's sole issue.

## V. CONCLUSION

We reverse the judgment of the county court at law and render judgment reinstating the administrative law judge's decision authorizing the suspension of Narvaez's driving license. *See* TEX. R. APP. P. 43.2(c).

NELDA V. RODRIGUEZ
Justice

Delivered and filed the 23rd
day of October, 2014.