**Opinion filed March 31, 2017**



## In The

# Eleventh Court of Appeals

_____

## No. 11-15-00058-CV

_____

## TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant

## V.

## PEDRO MONROY ARCINIEGA, Appellee

---

**On Appeal from the 1st Multicounty Court at Law**
**Nolan County, Texas**
**Trial Court Cause No. 2,421**

---

### M E M O R A N D U M   O P I N I O N

The Texas Department of Public Safety appeals from the county court's order restoring Pedro Monroy Arciniega's driving privileges. In its order, the county court reversed an administrative law judge's decision that authorized the Department to suspend Arciniega's driver's license based upon his refusal to submit a breath specimen after he was arrested for driving while intoxicated. *See* TEX. TRANSP. CODE ANN. § 724.035 (West 2011). The county court found that the administrative

law judge erroneously determined that reasonable suspicion supported the initial stop. In its sole issue, the Department asserts that the county court erred in holding that there was no reasonable suspicion to stop Arciniega. We reverse and render.

When reviewing an administrative suspension, courts use a substantial evidence standard of review. *Mireles v. Texas Dep't of Pub. Safety*, 9 S.W.3d 128, 131 (Tex. 1999). A court applying the substantial evidence standard of review may not substitute its judgment for that of the agency. *Id.* The issue for the reviewing court is not whether the agency's decision was correct, but only whether the record demonstrates some reasonable basis for the agency's action. *Id.* Courts must affirm administrative findings in contested cases if there is more than a scintilla of evidence to support them. *Id.* An administrative decision may be sustained even if the evidence preponderates against it. *Id.*

We review the trial court's decision de novo. *Tex. Dep't of Pub. Safety v. Gonzales*, 276 S.W.3d 88, 91 (Tex. App.—San Antonio 2008, no pet.). This means that we independently assess the administrative law judge's decision under the substantial evidence standard of review. *Id.* Whether substantial evidence exists to support an administrative law judge's order is a question of law. *Tex. Dep't of Pub. Safety v. Alford*, 209 S.W.3d 101, 103 (Tex. 2006). The true test is not whether the agency reached the correct conclusion, but whether some reasonable basis exists in the record for the action taken by the agency. *See Tex. Health Facilities Comm'n v. Charter Med.-Dallas, Inc.*, 665 S.W.2d 446, 452 (Tex. 1984). The reviewing court is not bound by the reasons given by an agency in its order, provided there is a valid basis in the record supporting the agency's action. *See id.*

In an administrative license-suspension hearing, the Department bears the burden of proving several elements, the first of which is that "reasonable suspicion or probable cause existed to stop or arrest the person." TRANSP. § 724.042(1). The only contested element in this case is whether the arresting officer had reasonable

2

suspicion to stop Arciniega. The administrative law judge made the following finding on this element:

> **FINDING OF FACT 1**: On July 19, 2014, Police Officer M. Campa, Sweetwater Police Department, at approximately 10:50 p.m., personally observed a motor vehicle, i.e., a white pickup truck being driven by Defendant north bound on Sam Houston, a public place in Sweetwater, Nolan County, Texas. Defendant's vehicle was approaching a stopped vehicle at a rate of speed that appeared to Campa to be dangerous. Defendant's vehicle did not brake until late, and had to maneuver to one side to avoid a collision. Campa made a stop of Defendant. On July 19, 2014, reasonable suspicion to stop or probable cause to arrest the Defendant existed.

Accordingly, we must determine whether substantial evidence supports the administrative law judge's finding that reasonable suspicion existed for Officer Campa to stop Arciniega. In that respect, we stand in the same position as the county court, and we review the administrative law judge's order without deference to the county court's judgment. *See Alford*, 209 S.W.3d at 103.

Our scope of review is confined to the administrative record. *Dep't of Pub. Safety v. Hirschman*, 169 S.W.3d 331, 336 (Tex. App.—Waco 2005, pet. denied); *see* TEX. GOV'T CODE ANN. § 2001.175(e) (West 2016). The evidence in this administrative record is quite brief in that it only consists of three documents offered by the Department. One of the three documents was the "Peace Officer's Sworn Report" prepared by Officer Campa. The opening paragraphs of his narrative stated as follows:

> On July 19, 2014 at approximately 20:50 [hours] I Officer Campa was parked in front of the Mi Familia restaurant located on the 500 blk of Sam Houston Street running radar, and scanning the intersection for traffic violations.

> I observed a white pickup traveling north on Sam Houston approaching the intersection behind a white car which had stopped at the stop sign on Sam Houston. The truck was traveling at a fast rate of

3

speed, and did not appear to be slowing down when approaching the white car, at this point I believe the truck was going to strike the stopped car from the rear. The trucked then braked hard, and made an evasive move to the left of the white car, barely missing striking the car from behind.

I then initiated a traffic stop on the truck by activating my emergency overhead lights.

These paragraphs of Officer Campa's narrative are the only portion of his report addressing his basis for stopping Arciniega.

Arciniega contends that Officer Campa did not have reasonable suspicion to stop him because Officer Campa did not identify a traffic offense that Arciniega violated and because his narrative does not demonstrate that he committed a traffic offense. Conversely, the Department asserts that Officer Campa had reasonable suspicion to believe that Arciniega committed the traffic offense of speeding or reckless driving.

We note at the outset that the bulk of the cases addressing reasonable suspicion are criminal cases where the issue has been litigated in the context of a motion to suppress. These cases typically have a much more developed record than the administrative record before us. Additionally, the applicable standard of review for a motion to suppress affords a great deal of deference to the trial court's resolution of historical facts and credibility issues. *See Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007). Under the standard of review applicable to this appeal, however, we give no deference to the county court's judgment, and we are also not bound by the reasons given by the administrative law judge in his order. Instead, we focus on whether some reasonable basis exists in the record for the action taken by the agency.

A police officer has reasonable suspicion to detain if he has specific, articulable facts that, combined with rational inferences from those facts, would lead

him reasonably to conclude that the person detained is, has been, or soon will be engaged in criminal activity. *Derichsweiler v. State*, 348 S.W.3d 906, 914 (Tex. Crim. App. 2011). This standard is an objective one that disregards the actual subjective intent of the arresting officer and looks, instead, to whether there was an objectively justifiable basis for the detention. *Id.* It also looks to the totality of the circumstances; those circumstances may all seem innocent enough in isolation, but if they combine to reasonably suggest the imminence of criminal conduct, an investigative detention is justified. *Id.*

"It is well settled that a traffic violation committed in an officer's presence authorizes an initial stop." *Armitage v. State*, 637 S.W.2d 936, 939 (Tex. Crim. App. 1982); *see Walter v. State*, 28 S.W.3d 538, 542 (Tex. Crim. App. 2000) ("[T]he Supreme Court has recognized that the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred.") (citing *Whren v. United States*, 517 U.S. 806, 810 (1996)). "[F]or a peace officer to stop a motorist to investigate a traffic infraction, as is the case with any investigative stop, 'proof of the actual commission of the offense is not a requisite.'" *Leming v. State*, 493 S.W.3d 552, 561 (Tex. Crim. App. 2016) (quoting *Drago v. State*, 553 S.W.2d 375, 377 (Tex. Crim. App. 1977)); *see Tex. Dep't of Pub. Safety v. Fisher*, 56 S.W.3d 159, 163 (Tex. App.—Dallas 2001, no pet.) (The State "is not required to show a traffic offense was actually committed, but only that the officer reasonably believed a violation was in progress.").

A person commits the offense of reckless driving if he "drives a vehicle in willful or wanton disregard for the safety of persons or property." TRANSP. § 545.401(a). "In the context of reckless driving, willful and wanton disregard means the deliberate and conscious indifference to the safety of others." *Fernandez v. State*, 306 S.W.3d 354, 357 (Tex. App.—Fort Worth 2010, no pet.) (quoting *Brown v. State*, 183 S.W.3d 728, 733 (Tex. App.—Houston [1st Dist.]

2005, pet. ref'd). Proof of an evil or malicious intent is not an element of reckless driving. *Id.* (citing *White v. State*, 647 S.W.2d 751, 753 (Tex. App.—Fort Worth 1983, pet. ref'd)). In *Fernandez*, the Fort Worth Court of Appeals determined that the reckless driving statute does not require actions "that caused a wreck or nearly caused a wreck" in order for a violation to occur. *Id.* at 358.

In this case, Officer Campa described a situation wherein Arciniega nearly collided with another car. Officer Campa stated in his narrative that Arciniega was "traveling at a fast rate of speed" as he approached a stop sign and a car that was stopped at the stop sign. Officer Campa further stated that Arciniega "did not appear to be slowing down when approaching the white car" and that he believed that Arciniega was going to strike the stopped car from the rear. Officer Campa then stated that Arciniega "then braked hard, and made an evasive move to the left of the white car, barely missing striking the car from behind."

Reasonable suspicion "is an objective standard that disregards the subjective intent of the officer and requires only some minimal level of justification for the stop." *Brodnex v. State*, 485 S.W.3d 432, 437 (Tex. Crim. App. 2016) (citing *Wade v. State*, 422 S.W.3d 661, 668 (Tex. Crim. App. 2013); *Foster v. State*, 326 S.W.3d 609, 614 (Tex. Crim. App. 2010)). Officer Campa identified specific, articulable facts that provided him with an objectively reasonable basis to justify a temporary detention to investigate the traffic offense of reckless driving. Arciniega's act of almost striking a vehicle stopped at stop sign ahead of him supported a reasonable belief that he was operating his vehicle in willful or wanton disregard for the safety of persons or property and thereby driving recklessly. *See* TRANSP. § 545.401(a). The Transportation Code requires a driver following another vehicle to "maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle or veering into

6

another vehicle, object, or person on or near the highway." TRANSP. § 545.062(a). Officer Campa's narrative indicates that Arciniega was not in compliance with this requirement because he was operating his vehicle in a manner that prevented him from being able to safely stop behind the stopped vehicle. Instead, Arciniega had to veer to the side of the stopped car in order to avoid striking it. The Department's sole issue is sustained.

*This Court's Ruling*

We reverse the order of the county court, and we render judgment in favor of the Department, reinstating the decision of the administrative law judge.

JOHN M. BAILEY

JUSTICE

March 31, 2017

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

7